### IVA IKUKO TOGURI D'AQUINO v. UNITED STATES.

No. 12383.

United States Court of Appeals
Ninth Circuit.

Dec. 17, 1951.

Wayne M. Collins, Theodore Tamba, George Olshausen and Marvel Shore, all of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., San Francisco, Cal., James M. McInerney, Asst. Atty. Gen., Tom De Wolfe, James W. Knapp, Sp. Assts. to the Atty. Gen., for appellee.

Before HEALY, BONE and POPE, Circuit Judges.

PER CURIAM.

A petition for rehearing herein has restated the arguments previously urged. Because we think the petition discloses some misapprehension as to what we endeavored to say in the opinion, we desire to make note of the contentions now made upon two points.

The petition says that our opinion has failed to arrive at proper conclusions as to the effect of appellant's apprehension and detention by the military authorities in Japan. It is said that we went astray in two directions: first, in holding that the detention did not render inadmissible in evidence the appellant's statement made to the Government agent while she was thus detained; and second, in holding that this detention did not require a dismissal on the ground of denial of a speedy trial.

I

With respect to the first question appellant says that our statement that her detention was pursuant to the exercise of

military power overlooks the phraseology of the order of the Commander-in-Chief of the Armed Forces of the Pacific authorizing the apprehension and detention of various persons, including citizens and nationals of the United States. The first category of persons there listed for detention is: "Citizens and nationals of the United Nations suspected of guilt of treason, sedition, or war crimes." It is said this proves that appellant was arrested and detained solely "for suspected treason". As we understand the contention, it is that in effect the arrest was a mere preliminary to the present prosecution.

We think that the quoted phraseology of the order does not negative the military character of the detention. The order, taken as a whole, appears to direct the exercise of one of the powers incident to military occupation. It would be presumed to be for this purpose.[1] We think the detention cannot be characterized as an unlawful one, and there being no evidence that the statement was not voluntary, Stillman v. United States, 9 Cir., 177 F.2d 607, 609; Lewis v. United States, 9 cir., 74 F.2d 173, 178, it was properly received.

## II

In arguing that we have erred in our determination that appellant has no ground for complaint that she has been denied a speedy trial, counsel assume that our decision is based upon a determination that when appellant was in detention, in Japan, she had no rights under the Constitution. We did not, and do not so hold. On the contrary, we assume that she was at all times entitled to such rights.

What we have attempted to say is that the facts here do not disclose a denial of the right to a speedy trial granted by the Sixth Amendment. The facts show that appellant was detained from October, 1945, to October, 1946, by these military authori-

ties. From the latter date she was at liberty, and not under arrest, or charged with any offense, for a period of nearly two years, or until August 26, 1948.

What appellant argues is that she must be immune to this prosecution because at some former time she was detained for a period when no prosecution was proceeding. First the detention was by the military. Second, whatever may be the situation where detention so immediately precedes the attempted prosecution as fairly to be deemed a part thereof, here, the detention had long since terminated. For both these reasons, it was clearly no part of the prosecution here under way.

We think that the detention by the military authorities which so long preceded the initiation of the present prosecution is simply not relevant to the question of a speedy trial.

The petition for rehearing is denied.

1. We also know that following December 27, 1945, the occupation authority, theretofore under the Commander-in-Chief mentioned, passed to the Supreme Commander for the Allied Powers. See Koki Hirota v. General of the Army MacArthur, 338 U.S. 197, 69 S.Ct. 1238, 93 L.Ed. 1902. The date of the Moscow Agreement which gave rise to this occupying authority is given in the concurring opinion of Mr. Justice Douglas, 338 U.S. at page 206, 69 S.Ct. 1238. Therefore, on April 29 and 30, 1946, when appellant made her statement, she was being detained by the Supreme Commander for the Allied Powers.