**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Peter DiFRONZO and Medo Calzavara, Defendants-Appellants.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Anthony DADDINO, Defendant-Appellant.**

**Nos. 14507, 14508.**

United States Court of Appeals Seventh Circuit.

April 29, 1965.

Rehearings Denied May 27, 1965.

Swygert, Circuit Judge, dissented in part.

George F. Callaghan, Frank W. Oliver, Richard E. Gorman, Chicago, Ill., for appellants.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, John Powers Crowley, James M. Bailey, Asst. U. S. Attys., Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and CASTLE and SWYGERT, Circuit Judges.

CASTLE, Circuit Judge.

The defendants, Peter DiFronzo, Medo Calzavara, and Anthony Daddino, were convicted, after a jury trial, on both counts of a two-count indictment which charged the interstate transportation of merchandise known to have been stolen, and conspiracy to so transport such merchandise, in violation of 18 U.S.C.A. § 2314 and § 371, respectively. Each was sentenced to a term of ten years on the substantive count and to a term of five years on the conspiracy count, the sentences to run concurrently.

Without reciting the evidence in detail it is sufficient for the purpose of the issues presented by the defendants' appeals to observe that the record reveals that on April 29, 1961, certain trailers containing a large quantity of cigarettes, razor blades, and hosiery were stolen from the premises of a grocery warehouse in Forest View, Illinois, and during the next few days there was concerted action on the part of the defendants in the transportation of the stolen merchandise. On the morning following the robbery the stolen merchandise was brought to the farm premises of the defendant Calzavara, near Grayslake, Illinois, and placed in a barn. Portions of the merchandise were thereafter transported to other locations, including one in Wisconsin.

■ On appeal all of the defendants contend the District Court erred in permitting the jury to separate after it had commenced its deliberation. But the record discloses that the trial court counsel for each of the defendants agreed to the procedure outlined and followed by the trial judge in this respect.[1] The defendants are in no position to claim error in this connection.

■ Defendants DiFronzo and Daddino urge that the trial court erred in overruling their respective motions for a severance. Such motions were made toward the conclusion of the trial after counsel for Calzavara during the cross-examination of a government witness elicited from the witness that Calzavara had told him that Calzavara's participation in the events involving the transportation of the stolen merchandise was produced by threats against his life by persons not identified. But the fact that a co-defendant states that his participation was caused by threats by a person or persons unknown and unidentified is not a basis for a severance. It evidences no demonstrable prejudice to any of the other co-defendants.

■ DiFronzo additionally urges that the evidence is insufficient to support his conviction on either count. From our examination of the record, and we must view the evidence and the reasonable inferences which may be drawn therefrom in the light most favorable to the government (Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680), we are satisfied that the evidence warrants the conclusion, implicit in the jury's verdict, that DiFronzo participated in both the substantive and the conspiratorial offenses.

■ Daddino makes the further contention that the court erred in declaring a mistrial and subsequently denying his plea in bar asserting former jeopardy. The trial commenced on September 12, 1963. On September 13, 1963, after three government witnesses had testified, and the fourth was on the stand, the noon recess was taken. An altercation took place between the prosecutor and counsel for one of the defendants. It involved the attempt of the prosecutor to regain possession of material tendered to defense counsel pursuant to a Section 3500 [2] request. Eight of the jurors witnessed the episode. Defendant Calzavara moved for a mistrial based on the incident. The court interrogated the jurors, individually, *in camera*. Although the court's "ultimate impression" was that the episode would not in fact influence the jurors he concluded that from the point of view of all concerned it would be better to proceed to try the case before another jury. Accordingly, he withdrew a juror and declared a mistrial. Daddino had not joined in the motion for a mistrial but he made no objection thereto. No inquiry was made as to the position of Daddino in the matter. The trial at which the convictions resulted commenced after Daddino's plea of former jeopardy was denied.

It is evident from the record that the concern of the trial judge was to secure for the defendants a fair trial before an impartial jury unaffected by whatever reaction, conscious or unconscious, the incident might have engendered in the minds of the jurors who witnessed it. The rationale of Gori v. United States, 367 U.S. 364, 368, 81 S.Ct. 1523, 1526, 6 L.Ed.2d 901, is applicable here. It was there pointed out:

"Where, for reasons deemed compelling by the trial judge, who is best situated intelligently to make such a decision, the ends of substantial justice cannot be attained without discontinuing the trial, a mistrial may be declared without the defendant's consent and even over his objection, and he may be retried consistently with the Fifth Amendment. Simmons v. United States, 142 U.S. 148 [12 S.Ct. 171, 35 L.Ed. 968];

---

1. Moreover, there is no claim that the separation actually resulted in anything prejudicial to any of the defendants.

2. 18 U.S.C.A. § 3500.

Logan v. United States, 144 U.S. 263 [12 S.Ct. 617, 36 L.Ed. 429]; Dreyer v. People of State of Illinois, 187 U.S. 71, 85–86 [23 S.Ct. 28, 47 L.Ed. 79]. It is also clear that 'This Court has long favored the rule of discretion in the trial judge to declare a mistrial and to require another panel to try the defendant if the ends of justice will be best served * * *,' Brock v. State of North Carolina, 344 U.S. 424, 427 [73 S.Ct. 349, 97 L.Ed. 456], and that we have consistently declined to scrutinize with sharp surveillance the exercise of that discretion."

The admonitions expressed in Downum v. United States, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100, relied upon by the defendant, do not in our judgment serve to invalidate the teaching of Gori. See United States v. Tateo, 377 U.S. 463, 467, 84 S.Ct. 1587, 12 L.Ed.2d 448. We perceive no basis in the instant case upon which to attribute error to what appears to be an informed exercise of discretion on the part of the trial judge.

■ Calzavara contends that the District Court erred in not dismissing the indictment as to him on the grounds that it is identical to a prior indictment which was returned by a federal grand jury in Milwaukee, Wisconsin, but was dismissed on the ground that the defendant was not advised of certain of his constitutional rights before testifying, pursuant to subpoena, before that grand jury. The basis for the dismissal of the previous indictment is fully set forth in United States v. DiGrazia, (D.C.N.D.Ill.) 213 F.Supp. 232, p. 233, and it was there observed that:

" * * * it is clear from an examination of his [Calzavara's] testimony * * * that no direct incriminating statements of fact were made by him."

The denial of the defendant Calzavara's motion to dismiss the subsequent indictment is supported by Lawn v. United States, 355 U.S. 339, 348–350, 78 S.Ct. 311, 2 L.Ed.2d 321, and Costello v. United States, 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397. The government's response to the motion unequivocally stated that no testimony was wrongfully, unlawfully or illegally obtained from Calzavara at any time. Such an avowal is a sufficient basis for the denial of a motion to dismiss predicated upon alleged use of illegal testimony before the grand jury. Lawn v. United States, supra. And, the court cannot inquire into the sufficiency of the evidence actually presented. Tinkoff v. United States, 7 Cir., 86 F.2d 868, 877.

■ Calzavara predicates error on the District Court's rulings sustaining objections to his testifying concerning the content of conversations in which persons unknown to and unidentifiable by the witness are alleged to have threatened him with violence or death unless he participated in the acts about which he testified. He argues that he was entitled to establish in such manner that his participation in the offenses charged was the product of coercion and compulsion. Such self-serving statements proffered by the defendant are not admissible. And, in a somewhat analogous situation this Court has held that the statements of unidentified persons do not qualify as res gestae. United States v. Konovsky, 7 Cir., 202 F.2d 721, 728. Moreover, the record here is not such that the excluded testimony could have established a situation warranting a jury finding of coercion, compulsion or duress. There was nothing proved or proffered to show a compulsion "present, immediate and impending, and of such nature as to induce a well founded fear of death or at least serious bodily injury" accompanied by "no reasonable opportunity to escape the compulsion without committing the crime". R. I. Recreation Center, Inc. v. Aetna Casualty & Surety Co., 1 Cir., 177 F.2d 603, 605, 12 A.L.R.2d 230. See also D'Aquino v. United States, 9 Cir., 192 F.2d 338, reh. den. 203 F.2d 390.

■ Calzavara assails the instruction given by the court concerning compulsion or duress as a defense. But the claimed error was not urged in the trial court and

is therefore deemed waived. United States v. Furlong, 7 Cir., 194 F.2d 1, 3.

[redacted] We have considered, but find without merit, Calzavara's contention that the court erred in failing to suppress evidence concerning the discovery of part of the stolen merchandise on the farm of his brother, Oscar Calzavara. The defendant had given information in this connection to FBI agents in Milwaukee following his grand jury appearance there. The court found, pursuant to a hearing, that the defendant was adequately and sufficiently informed of his constitutional rights on that occasion. And, his belated contention, not urged below, that he furnished the information in exchange for a promise of lenity, may not be raised for the first time on appeal. On Lee v. United States, 343 U.S. 747, 749, 750, 72 S.Ct. 967, 96 L.Ed. 1270, fn. 3; United States v. Furlong, 7 Cir., 194 F.2d 1.

The judgment orders of the District Court are affirmed.

Affirmed.

SWYGERT, Circuit Judge (dissenting in part).

I must disagree with the majority's holding that the evidence was sufficient to sustain DiFronzo's conviction. An examination of the record shows a complete absence of evidence to support a verdict against this defendant either as an aider and abettor in the interstate transportation of stolen property or as a coconspirator in such conduct.

The only evidence that might remotely relate DiFronzo to the violations of which he was found guilty is testimony to the effect that at one time he was seen riding in a Pontiac automobile which at a later time was found to be following the truck making the interstate transportation of the stolen goods. DiFronzo was not in the automobile at the time it was observed to be following the truck from Illinois to Wisconsin. Rather, he was found in another truck transporting stolen goods from one point in Illinois to another place in the same state. Moreover, there was no showing that DiFronzo owned the Pontiac or had any participation in its use interstate.

The Government has been unable to point to any evidence which might link DiFronzo with the interstate offenses charged. His actions tended to show a participation only in an intrastate transportation of stolen items. There is no evidence to show that he conspired in planning the interstate activity or that he aided and abetted in the conduct thereof. Although his activity might well warrant a conviction in a state criminal proceeding, it is not a proper basis for prosecution under the federal statutes. Accordingly, the evidence fails to sustain the verdict against this defendant.