**People of the State of Illinois, Appellant, v. Gloria Alice Shick, a/k/a Gloria Alice Skip, a/k/a Gloria Alice Schick, Appellee.**

**Gen. No. 52,532.**

First District, Fourth Division.

October 23, 1968.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James S. Veldman, Assistant State's Attorneys, of counsel), for appellant.

No brief filed for appellee.

MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

This appeal is taken from an order entered on May 25, 1967, denying the State's motion for a continuance and granting instead the motion of the defendant, Gloria Alice Shick, for a discharge for want of prosecution, and entering judgment on that order.

On April 21, 1967, the Cook County Grand Jury returned an indictment charging the defendant with involuntary manslaughter in connection with the beating and subsequent death of one Shirley Muscanero. Defendant was arraigned on May 9, 1967, and entered a plea of not guilty. On May 25, the case came up for trial in the Criminal Division of the Circuit Court, whereupon the defendant, through her attorney, requested a pretrial conference in the judge's chambers. No record was made of that conference.

At the conclusion of the conference the defendant, through her attorney, stated that she was prepared to go to trial, but the State's Attorney moved for a continuance based upon the fact that two of his material witnesses were not present and he had allowed his other witnesses to leave. The State's Attorney stated that at the pretrial conference the court had told him he could send the remaining witnesses home. However, it appears that all of the witnesses except the two previously referred to were in court. The court denied the State's motion and the defendant thereupon made a motion for dismissal. The court granted the motion and ordered that the defendant be discharged. From that order the State takes the instant appeal.

In this court the State contends that the trial judge abused his discretion in denying its motion for a continuance, and that the court improperly granted defend-

ant's motion discharging defendant for want of prosecution.

██ We find it unnecessary to discuss the State's first contention since we have decided that the judgment of the trial court discharging the defendant was improper. A trial does not begin until the accused has been arraigned and the jury impaneled and sworn unless the accused has waived his right to a jury trial pursuant to chapter 38, section 115–1, Illinois Revised Statutes (1967).[1] People v. Friason, 22 Ill2d 563, 177 NE2d 230; Jordan v. Savage, 88 Ill App2d 251, 232 NE2d 580. Chapter 38, section 115–4(k), Illinois Revised Statutes (1967) provides that a trial court may not enter a judgment of acquittal and discharge a defendant at least until the State has had an opportunity to present all of its evidence.[2] In the instant case, the record does not indicate that the trial had commenced, nor that the defendant had waived his right to a jury trial. Consequently, since the trial had not commenced, the State had no opportunity to present its evidence and the trial court simply had no authority to discharge the defendant at that point in the proceedings.

██ So far as has come to our attention, the only grounds which authorize discharge of a defendant without trial are those which have been codified into section 114–1 of the Code of Criminal Procedure (Ill Rev Stats 1965, c 38, § 114–1). In that section there are set forth ten grounds on the basis of which the court "may" dis-

[1] 115–1. § 115–1 Method of Trial.) All prosecutions except on a plea of guilty shall be tried by the court and a jury or the court when a jury is waived by the defendant in open court.

[2] 115–4. § 115–4(k) Trial by Court and Jury.) When, at the close of the State's evidence or at the close of all of the evidence, the evidence is insufficient to support a finding or verdict of guilty the court may and on motion of the defendant shall make a finding or direct the jury to return a verdict of not guilty, enter a judgment of acquittal and discharge the defendant.

379

miss the charge when a "written motion" is presented. There was no such motion in this case, and if there had been it would have been unavailing since none of the statutory grounds is applicable to the facts in this record. The only ground which could be said to relate to the concept of dismissal for want of prosecution is that the defendant has not been placed on trial in compliance with section 103–5 (trial within 120 days under certain conditions), clearly not in point here.

The judgment is reversed and the case remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

DRUCKER and ENGLISH, JJ., concur.