People of the State of Illinois, Plaintiff-Appellant, v. Karl Endress, Defendant-Appellee.

People of the State of Illinois, Plaintiff-Appellant, v. Ronald Mack Sexton and Roger Knell, Defendants-Appellees.

People of the State of Illinois, Plaintiff, v. Ronald Mack Sexton and Roger Knell, Defendants.

People of the State of Illinois, Plaintiff-Appellee, v. Hugh A. Henry, Jr., Contemnor-Appellant.

Gen. Nos. 10,943, 11,009, 11,010.
(Consolidated for Opinion.)

Fourth District.

February 20, 1969.

Hugh A. Henry, Jr., State's Attorney of McLean County, of Bloomington, for appellants.

Donald B. Mackay, Public Defender of McLean County, of Bloomington, Robert E. Williams, William C. Wetzel, and Ralph Schroeder, Special Prosecutor, for appellees.

CRAVEN, J., delivered the opinion of the court.

Karl Endress was indicted for the crime of murder. Ronald Mack Sexton and Roger Knell were indicted for the offense of armed robbery. In each case, prior to trial, counsel for the defendants filed a motion for pretrial discovery asking the trial court to order the State's Attorney to produce for inspection certain items of physical evidence which would be introduced at the trial. Ultimately the trial court entered orders pursuant to the motions providing for pretrial discovery. In so doing the trial court specifically determined that the defendants could not have a fair trial or justice be served without the ordered pretrial discovery. The State's Attorney refused to comply with the orders. Motions to suppress the evidence were thereafter filed and allowed. Further, in the Sexton-Knell case the State's Attorney was adjudged to be in contempt of court and fined $100 for his

refusal to comply with the order. This court now has for consideration appeals from the two orders suppressing the evidence and the order finding the State's Attorney in contempt of court.

Inasmuch as the substantive issues in all three appeals are the same, we have consolidated the appeals for decision and opinion.

The question presented by these cases is: Does a trial court have authority, absent specific rules promulgated by the Supreme Court, to provide for pretrial discovery of items of physical evidence which the People will introduce at the trial? If the answer to this question is in the affirmative, then the remaining issue relates to the question of what sanctions may appropriately be used by the trial court to compel compliance with its discovery order.

The defendant in the contempt proceedings, the then State's Attorney of McLean County, asserts the invalidity of the orders for discovery contending that there is no basis by statute or rule for pretrial discovery and that, therefore, a trial court is wholly lacking in authority to enter such an order. He persists in classifying these proceedings as "test cases" and urged in the trial court, as well as here, that he would have made the items of physical evidence available to defense counsel prior to trial, and states:

> ". . . the expression of the prosecutor was to make the evidence available prior to trial. Thus, the vacating of the orders by the trial court would have had the effect of giving to the defendants that which the trial court desired they be given, . . . ."

We take it to be the position of this appellant, therefore, that but for the order for discovery he would have permitted discovery. Once the order for discovery intervenes in the proceeding, however, he persists in his re-

fusal, apparently only because of the existence of the order. We must observe at the outset that we are unable to understand the effort to distinguish between the absence of power of the trial court to compel discovery because there is no rule or statute and a state's attorney's duty to permit discovery except when there is a court order providing for it.

We are referred to two cases by the People which it is asserted are authority for the proposition that there is no such thing as pretrial criminal discovery in Illinois. The case of People v. Hall, 83 Ill App2d 402, 227 NE2d 773 (3rd Dist 1967), was a proceeding wherein there was a motion by the defendant for any written statements or memoranda containing statements made by witnesses for the People given to a law-enforcement officer. The motion was made prior to trial. An order for production pursuant to the motion was entered and thereafter a fine for contempt was levied for noncompliance. The Appellate Court reversed citing and discussing several Supreme Court cases indicating such statements only need be made available at the trial for impeachment purposes. The other case, People v. Hoagland, 83 Ill App2d 231, 227 NE2d 111 (2nd Dist 1967), likewise involved a motion prior to trial. In Hoagland, however, the motion was for an order for production of an entire file for inspection and copying by defense counsel. Upon noncompliance the indictment was quashed. On appeal the Appellate Court reversed holding that there was no unrestricted right to rummage through the files of the police and the State. Both Appellate Court opinions are, of course, in accord with the decision of the Illinois Supreme Court in People v. Moses, 11 Ill2d 84, 142 NE2d 1 (1957), and People v. Wolff, 19 Ill2d 318, 167 NE2d 197 (1960).

This court considered a similar issue in People v. Sumner, 72 Ill App2d 258, 218 NE2d 236 (4th Dist 1966), and in the same case, at 92 Ill App2d 386, 234 NE2d 537

(4th Dist 1968) (leave to appeal granted, Supreme Court No. 41,363). Our conclusion in Sumner on the right to use of statements for impeachment purposes at the time of trial was in accord with Hall and Hoagland.

Those cases, however, are not determinative of the issue here presented. Pretrial inspection of items of physical evidence which the prosecution intends to introduce at the trial cannot be equated with pretrial examination of statements which may or may not be germane for impeachment purposes. Indeed, the trial court quite correctly drew the distinction by its order in No. 11,009 when it was provided that the prosecution: ". . . produce for inspection for the defense items of tangible evidence which [the] People will introduce at the trial of this case, but that as to statements, reports, documentation, or written investigative matters, the same shall be excepted, . . . ."

In People v. Tribbett, 90 Ill App2d 296, 232 NE2d 523 (4th Dist 1967), we had occasion to consider the right of the defendant to inspect physical evidence prior to trial. In that case we concluded: "In our opinion, tangible objects which the prosecution intends to offer, should be subject to inspection, if such is requested, . . . ." In Tribbett, however, we found no reversible error in a refusal to allow inspection for the obvious reason in that case that the only item of physical evidence sought to be inspected was the defendant's revolver of which he had knowledge. The Supreme Court, having allowed leave to appeal, affirmed in People v. Tribbett, 41 Ill2d 267, 242 NE2d 249 (1968) (Docket No. 41,225). Relevant to the issue of pretrial inspection of the revolver, the court said at 272 (242 NE2d at 252):

> "We deem it unnecessary to consider whether the trial court erred in denying the defendant's motion that the People 'make available to counsel for the defendant for inspection all items of tangible evidence which the People have in their possession or

221

control or intend to introduce into evidence.' The only so-called tangible object introduced into evidence by the prosecution was his gun which was found in his auto. We can see no possibility that he sustained prejudice through not being able to examine the gun. We said in People v. Bridges, 28 Ill2d 165, 172 [190 NE2d 719, 723 (1963)]: 'Where there is no evidence to indicate anything other than the defendant's guilt and it appears that the result would not have been different had the error complained of not occurred, the judgment will not be set aside. People v. Orr, 10 Ill2d 95, 98 [139 NE2d 212, 214 (1957)].' "

Thus the opinion of the Supreme Court in Tribbett made no definitive disposition of the issue here, but we read the opinion to be an indication that the defendant had a right to examine the gun but the failure to permit him to do so was not prejudicial error.

In People v. Watson, 36 Ill2d 228, 221 NE2d 645 (1966), the court discusses the right of examination of items of tangible evidence. The court determined that a defendant, in an appropriate case, is entitled to have expert witnesses examine items of physical evidence. It seems to us implicit in such a holding that the right would exist prior to trial. See also the concurring in part and dissenting in part opinion of Mr. Justice Underwood in Watson. See also People v. Cagle, 41 Ill2d 528, 244 NE2d 200 (1969).

■ In Tribbett we reviewed the cases and philosophy which in our judgment can only lead to the conclusion that a trial court has the inherent authority, in appropriate cases, to order pretrial discovery of items of physical evidence which the prosecution will introduce at the trial. We adhere to that conclusion for the reasons there stated. The orders for discovery here under review were correct and those orders are affirmed.

■ ■ The next issue, having determined that the orders for discovery were correct, involves the appropriateness of the sanctions. First, we must observe and repeat that the trial court did determine that the defendants in the underlying criminal proceedings could not have a fair trial without the pretrial discovery. Such sanctions as may be used must, therefore, necessarily be designed and structured to obtain the pretrial discovery. In imposing sanctions the trial court is exercising its inherent authority to insure the defendants a fair trial.

An order suppressing the evidence has the effect of decreasing the equality necessary for a fair trial—equality which we discussed in our opinion in Tribbett. We think it is clear that an order suppressing the evidence is a sanction which affects the prosecution and not the prosecutor who refused to comply with the order. It may well be, however, that suppressing nondisclosed yet discoverable items of evidence is an effective method of compelling compliance with the discovery.

■ Persistent refusal of the State's Attorney to comply with the orders for pretrial inspection is difficult to understand. If structuring a test case justifies such a refusal, such a test case was admittedly unnecessary in view of the fact that Tribbett was then on review. By his refusal to comply the prosecutor compelled the trial court to seek out a sanction or sanctions that would make effective its orders. His noncompliance, as we view this record, warranted the trial court in imposing a fine for contempt.

We must observe that the trial court has, with firmness and fairness, pursued that which the prosecution and the defense want—a fair trial for both.

Sanctions to be imposed for noncompliance with valid orders promulgated by the trial court present an issue for determination by the trial court. This court, in order

223

to interfere with the sanctions imposed, would have to find an abuse of discretion or arbitrary and capricious use of sanctions. We find none of these in this record. The orders of the circuit court of McLean County, accordingly, would be affirmed.

■ In People v. Ryan, 40 Ill App2d 352, 189 NE2d 763 (3rd Dist 1963), revd on other grounds, 30 Ill2d 456, 197 NE2d 15 (1964) and Monier v. Chamberlain, 66 Ill App2d 472, 213 NE2d 425 (3rd Dist 1966), affd, 35 Ill2d 351, 221 NE2d 410 (1966), the court considered similar issues, although in civil, not criminal, proceedings. There it was determined that upon compliance, orders imposing sanctions would be vacated. Such result is likewise appropriate here. Accordingly, the orders of the circuit court of McLean County for discovery are affirmed and these cases are remanded to that court with directions to vacate the orders suppressing the evidence and imposing the fine for contempt upon compliance with the discovery orders. In the event of noncompliance the orders suppressing the evidence and imposing the fine for contempt are to remain in full force and effect.

Judgments affirmed and these cases remanded with directions.

TRAPP, P. J. and SMITH, J., concur.