**People of the State of Illinois, Plaintiff-Appellant, v. Joshua Barksdale, Defendant-Appellee.**

**Gen. No. 53,495.**

First District, Fourth Division.

May 7, 1969.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago, and James B. Zagel, Assistant State's Attorney, for appellant.

No brief for appellee.

MR. JUSTICE McNAMARA delivered the opinion of the court.

This is an interlocutory appeal by the State from an order of the circuit court of Cook County dismissing the indictment against the defendant for want of prosecution. Concurrent with its appeal to this court from that order, the State also filed a mandamus petition in the Supreme Court. That petition was denied. People ex rel. Stamos v. McMillen, Gen No. 41,535, — NE2d — (1968).

On December 6, 1963, defendant was indicted for the offense of arson. On December 13, 1963, counsel was appointed for defendant and requested that defendant be examined by the court behavior clinic. After several continuances allowed on defendant's motion, on January 30, 1964, a jury returned a verdict that defendant was presently incompetent to stand trial. Defendant was ordered committed to the Illinois Security Hospital until he became competent, and the pending criminal charge was stricken with leave to reinstate. On July 30, 1966, defendant was transferred to the Manteno State Hospital, and on November 18, 1966, he received an absolute discharge from that institution.

On December 8, 1966, the arson charge was reinstated and the State requested a re-examination of defendant by the behavior clinic. After several continuances granted by agreement or on motion of defendant, another competency hearing was requested by defense counsel, and on March 16, 1967, a jury found the defendant competent to stand trial. The cause was redocketed, defendant was arraigned, bond was set, defendant demanded an immediate trial and the cause was continued until April 11. On that date defendant requested and received a substitution of judges, and the case was continued by agreement to April 20. On that date the cause was continued on the State's motion until April 27. Thereafter it was continued by agreement and on motion of defendant to May 25, on which date the court denied defendant's motion for a discharge under the so-called Four Term Act. (Ill Rev Stats 1963, c 38, § 103–5.)

164

The cause was continued after that several times on defendant's motion and once by agreement to August 23. On that date defense counsel requested re-examination of defendant by the behavior clinic, and thereafter the cause was continued several times on motion of defendant until December 21. Defendant requested and received another competency hearing and on December 22, a jury again found the defendant competent to stand trial, and the cause was continued by agreement to February 23, 1968. On that date, although the State announced ready for trial with its witnesses present in court, the cause was continued to June 10, then to June 12 and finally to June 14, all at defendant's request. On June 14 the State requested a continuance in order to file an amended list of witnesses and over the State's objection, the trial court granted defendant's motion for a dismissal for want of prosecution after suggesting that defendant make such a motion. On July 2, 1968, the trial court denied the State's motion to vacate the order of dismissal, and this appeal follows.

■ The trial court has power to dismiss an indictment prior to trial only for the grounds set forth in section 114–1 of the Code of Criminal Procedure (Ill Rev Stats 1965, c 38, § 114–1). People v. Shick, 101 Ill App 2d 377, 243 NE2d 285 (1968).

The only ground set forth in that section upon which the trial court could have predicated its order dismissing the indictment in this case was that defendant had not been placed on trial in compliance with section 103–5(a) of the Code which provides as follows:

"Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant, by a competency hearing, or by an interlocutory appeal."

165

■ While each accused is guaranteed the right to receive a speedy trial, continuances granted at the request of the accused, including those made on his behalf to determine his competency operate to toll the running of the 120-day-statute. People v. Petropoulos, 59 Ill App2d 298, 208 NE2d 323, affirmed 34 Ill2d 179, 214 NE2d 765 (1966); People v. Jenkins, 101 Ill App 2d 414, 243 NE2d 259 (1968).

■ The record reveals that defendant's right to a speedy trial has not been violated. Prior to his commitment to the hospital all continuances had been granted at the request of defendant. Subsequent to his release from the hospital the operation of the statute was interrupted by repeated continuances entered by agreement or on motion of defendant and by two additional competency hearings, both requested by defendant. In seeking only its second continuance in the entire proceedings, it is evident that the State was not trying to deny defendant his right to a speedy trial.

We find that the trial court erred in dismissing the indictment. The order of the trial court is reversed; the indictment is ordered to be reinstated; and the cause is remanded for further proceedings pursuant to law.

Order reversed and cause remanded with directions.

DRUCKER, P. J. and ENGLISH, J., concur.