(No. 43264.– )

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. LAWRENCE SOUTHWOOD, Appellant.

*Opinion filed September 30, 1971.*

LAWRENCE SOUTHWOOD, *pro se.*

WILLIAM J. SCOTT, Attorney General, of Springfield, and ROBERT A. DAVIS, State's Attorney, of Lewistown, (THOMAS J. IMMEL, Assistant Attorney General, of counsel,) for the People.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

Defendant Lawrence Lee Southwood pleaded guilty on June 10, 1969, to the charge of attempted murder, and was sentenced by the circuit court of Fulton County to

imprisonment for a term of 15 to 16 years. He subsequently sought relief under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1969, ch. 38, par. 122–1 *et seq.*) His amended petition challenged the validity of the warrant upon which he was arrested, claims that there was not sufficient competent testimony before the grand jury to support his indictment, and argues finally that the court erred in accepting his plea of guilty without first conducting a competency hearing, since it possessed information suggesting that he was mentally defective and incompetent. From the denial of his petition following an evidentiary hearing defendant appeals directly to this court. Pursuant to motion, we allowed the Illinois Defender Project, previously appointed to represent defendant on appeal, leave to withdraw and permitted defendant to proceed *pro se.*

The burden is upon the petitioner to demonstrate that there has been a substantial denial of his constitutional rights. *(People v. Smith, 45 Ill.2d 399; People v. Stone, 45 Ill.2d 100; People v. Wease, 44 Ill.2d 453.)* Aside from defendant's verification, the challenges to the arrest warrant and the indictment were unsupported, both in the petition and at the hearing. Moreover, defendant does not contend that the indictment was based solely on the testimony of incompetent witnesses, rather he challenges the sufficiency and competency of the evidence. Such a challenge raises no constitutional issue. *(People v. Jones, 19 Ill.2d 37.)* We note also that a valid plea of guilty waives all irregularities of arrest and detention. *(People v. Brown, 41 Ill.2d 230, cert. denied 393 U.S. 1121, 22 L.Ed.2d 126, 89 S.Ct. 1000.)* We accordingly affirm the denial of the petition insofar as it challenged the arrest and indictment.

In support of his claim that the court erred in failing to hold a competency hearing, defendant points to the "Statement of the Trial Judge and State's Attorney"

which recites that: defendant was charged in 1952 with assault upon a female with intent to commit a lewd act; the charges were dismissed, and defendant remanded to his parents' supervision, on condition that he receive psychiatric care; a doctor's report diagnosed defendant in 1952 as "Mental defective, with a minimum total IQ of 65, Wechsler-Bellevue; personality disturbance of a schizoid nature, and of uncertain depth but at this time on a neurotic, rather than a psychotic level"; in 1961 defendant was convicted of rape; and the basis for the present charge was an apparent unprovoked knife attack on a female walking along a deserted country road.

The critical question is whether a *bona fide* doubt existed as to defendant's competency, and this question was largely within the discretion of the trial judge. *(People v. Stanhope, 44 Ill.2d 173; McDowell v. People, 33 Ill.2d 121; People v. Milligan, 28 Ill.2d 203; People v. Baker, 26 Ill.2d 484.)* There is no contention that defendant's conduct was such that either the court or appointed counsel should have questioned his competency. Defendant's history alone, as stated in the record, is insufficient to raise a *bona fide* doubt. The only evidence relating to defendant's competency was a diagnosis made 17 years previously that defendant was a mental defective with a minimum IQ of 65, and suffered from a personality disturbance. This diagnosis is so remote and inconclusive as to be of little probative value. (See *People v. Barkan, 45 Ill.2d 261.)* There is, in our judgment, no reason to conclude that the trial court was required to hold a competency hearing before accepting defendant's plea of guilty.

The judgment of the Fulton County circuit court denying defendant's petition is affirmed.

*Judgment affirmed.*