THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* MERLE HOOVER, Defendant-Appellee.

(No. 72-271; )

Second District—June 6, 1973.

John B. Roe, State's Attorney, of Oregon, (Richard L. Caldwell, Assistant State's Attorney, of counsel,) for the People.

Fearer & Nye, of Oregon, for appellee.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

A complaint was filed by the State on July 31, 1972, charging the defendant with the sale and delivery of alcoholic beverages to a person not of age in violation of Ill. Rev. Stat. 1971, ch. 43, sec. 131. Twenty-six days later, August 25, 1972, the State's Attorney moved for a continuance on the grounds of non-availability of his witnesses. The trial court on motion of defendant dismissed the cause stating among other things: "Well, I'll deny the motion for continuance on the facts as stated here. It's a close question but that will be the judgment of the court * * * the State not being ready to proceed, the defendant's

motion to dismiss for want of prosecution will be granted."

■■ We do not deem it necessary to discuss the facts herein. The judgment of the trial court in discharging the defendant was improper. The only grounds authorizing the discharge of a defendant without trial are found in the Code of Criminal Procedure, Ill. Rev. Stat. 1971, ch. 38, sec. 114—1. In a most similar case, *People v. Barksdale* (1969), 110 Ill.App.2d 163, the trial court dismissed the criminal case for want of prosecution upon the defendant's motion. In that case the witnesses were non-available and the court specifically held that the trial court has no power to dismiss the indictment except on the grounds set forth in the Code of Criminal Procedure, Ill. Rev. Stat. 1971, ch. 38, sec. 114—1. In *People v. Shick* (1968), 101 Ill.App.2d 377, the court stated exactly the same thing. In a recent case in this court, *People v. Guido* (1973), 11 Ill.App.3d 1066, we stated that "A dismissal for want of prosecution does not come within any of the statutory grounds set forth in Section 114—1." We adhere to that opinion.

■■ Defendant also contends that the "State did not subscribe to the statute which requires the clerk of the trial court to send a notice of appeal to the defendant as well as counsel for the defendant." We consider this argument specious. The defendant has filed an appearance and answer in this court and the argument is without merit. The fault, if any, lies with the clerk of the circuit court, not with the appellant.

We therefore reverse the order of dismissal and remand the case to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

T. MORAN and SEIDENFELD, JJ., concur.