THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* ENOCH SILVERSTEIN *et al.*, Defendants-Appellees.

(Nos. 58836-47 cons.;

First District (4th Division)—May 22, 1974.

*Rehearing denied June 11, 1974.*

William. J. Scott, Attorney General, of Chicago (James B. Zagel and Thomas E. Holum, Assistant Attorneys General, of counsel), for the People.

Joseph A. Lamendella and Eugene F. LaPorte, both of Chicago (Schippers, Betar, Lamendella & O'Brien, of counsel), for appellees.

Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:

The defendants-appellees were charged on December 30, 1971, with a failure to file use tax returns and with filing fraudulent retailer's occupation tax returns (Ill. Rev. Stat. 1971, ch. 120, pars. 439.14 and par. 452). There were six complaints filed against each of the defendants. On May 24, 1972, the defendants filed a motion to dismiss which was granted

by the trial court on January 25, 1973. This appeal arises from the dismissal of all the complaints.

The defendants' motion to dismiss alleged, *inter alia*, that "Prosecution personnel advised a person having relevant material and information to refrain from discussing the case with defense counsel." The motion to dismiss was supported by an affidavit of the defendants' attorney in which he stated that on approximately April 7, 1972, he had a telephone conversation with Jack Kleinman, an auditor of the Illinois Department of Revenue. Mr. Kleinman had engaged in audit activities concerning the subject matter of the defendants' prosecution and the defendants' attorney asked Mr. Kleinman to discuss all matters within his knowledge concerning the prosecution. The defendants' attorney further stated that later the same day he received a call from Kleinman in which Kleinman stated that he had spoken with Phillip Mitchell, the Chief of the Intelligence Division of the Illinois Department of Revenue, and that Mitchell told Kleinman that Kleinman could not speak to the defense counsel.

The State did not file a response to the defendants' motion to dismiss until January 11, 1973. In its response the State admitted that Mitchell had told Kleinman not to discuss the prosecution with defense counsel. However, Mitchell upon advice by the Attorney General's office, subsequently told Kleinman he could discuss the case with defense counsel if he chose to do so. Attached to the State's response was an affidavit of Mr. Mitchell dated January 9, 1973. In the affidavit Mitchell stated that in April of 1972 he told Kleinman not to discuss the case with defendant's attorney but later rescinded this instruction and told Kleinman he was free to discuss the case with defense counsel or the defendants if he chose to do so.

A hearing on the motion to dismiss was held on January 25, 1973. At the hearing Mr. Mitchell testified that in the early summer of 1972 the assistant Attorney General prosecuting the case spoke to him concerning the validity of the instructions he had given Kleinman. Mitchell stated that he did not speak to Kleinman again until several days before January 9, 1973 at which time he told Kleinman he could discuss the case with defense counsel if he wished to. Several times during the hearing the trial court made specific reference to and was very concerned about the long lapse of time between the date the motion to dismiss was filed and the date on which an error in instructing Kleinman had been admitted. The trial court stated:

> "But when it is this long and the attorneys are on the trial call, that this is a trial call and we can pursue this on any date that the case comes up for trial, I don't know why this mistake should

be allowed to go ahead. That is, should be sanctions in anything short of dismissal."

After arguments on the motion to dismiss were completed, the trial court dismissed all the complaints. The court specifically relied on the case of *Gregory v. United States*, 369 F.2d 185, 1966, and stated that it was dismissing the case on the constitutional points contained therein. The State has appealed and contends that the dismissal order is erroneous because it is not based on one of the 10 grounds set forth in section 114—1(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 114—1(a)). The State also contends the trial court erred in dismissing the complaints because any error was cured by the State giving proper instructions to Mr. Kleinman before the case was placed on the trial call. We do not agree and are of the opinion that under the particular facts existing in this case the trial court did not err in dismissing all of the complaints.

The *Gregory* case on which the trial court relied involved a criminal prosecution for murder, robbery and assault with a dangerous weapon. In that case the prosecutor had instructed the prosecution witnesses not to talk to anyone unless he was present. The defendant was convicted on all counts but on appeal the United States Court of Appeals (Dist. of Columbia) found that the prosecutor's advice denied the defendant a fair trial and reversed and remanded the case for a new trial. The court stated at 187 to 188:

> "The purpose of 18 U.S.C. § 3432 requiring that in capital cases the defendant be furnished a list of the names and addresses of the witnesses to be called by the Government is to assist defense counsel in preparing the defense by interviewing the witnesses. Witnesses, particularly eye witnesses, to a crime are the property of neither the prosecution nor the defense. Both sides have an equal right, and should have an equal opportunity, to interview them. Here the defendant was denied that opportunity which, not only the statute, but elemental fairness and due process required that he have."

The court went on to state:

> "A criminal trial, like its civil counterpart, is a quest for truth. That quest will more often be successful if both sides have an equal opportunity to interview the persons who have the information from which the truth may be determined. The current tendency in the criminal law is in the direction of discovery of the facts before the trial and elimination of surprise at trial. A related development in the criminal law is the requirement that the prosecu-

tion not frustrate the defense in the preparation of its case. Information favorable to the defense must be made available to the defense. *Brady v. State of Maryland*, 373 U.S. 83, S.Ct. 1194, 10 L.Ed.2d 215 (1963) * * * It is not suggested here that there was any direct suppression of evidence. But there was unquestionably a suppression of the means by which the defense could obtain evidence. The defense could not know what the eye witnesses to the events in suit were to testify to or how firm they were in their testimony unless defense counsel was provided a fair opportunity for interview. In our judgment the prosecutor's advice to these eye witnesses frustrated that effort and denied appellant a fair trial." (*Gregory, supra*, at 188 to 189.)

The trial court stated that its decision was premised on the constitutional points raised in *Gregory* and it is clear from the language quoted above that the constitutional point relied on by the trial court was the defendants' right to due process of law.

■■ The defendants' right to due process of law is guaranteed by the Illinois Constitution of 1970, article I, § 2 and the fourteenth amendment to the United States Constitution. It cannot be controverted that within the concept of due process of law is a defendant's right to a fair trial. We are of the opinion that under the particular circumstances of the case at bar a fair trial could not be achieved and therefore, the trial court was correct in dismissing all the complaints.

■■ It is well established that the prosecution cannot direct witnesses not to speak to a defendant or his attorney or in any other manner deprive the defense of a fair opportunity to interview prosecution witnesses. (*People v. Jackson*, 116 Ill.App.2d 304, 253 N.E.2d 527 (1969).) Thus, the initial instructions given to Mr. Kleinman were erroneous and had been in effect for approximately 8 months before the State saw fit to file a response to the defendants' motion to dismiss and attach thereto the affidavit of Mr. Mitchell in which he stated the erroneous instruction had been subsequently rescinded. As stated previously, at the hearing on the motion to dismiss, Mitchell testified that his erroneous instructions to Kleinman were rescinded several days prior to January 9, 1973. Therefore, it is apparent that the defendants had been denied access to Kleinman and the information he possessed for several months. The situation in the case at bar is analogous to the *Gregory* case in that one of the means by which the defense could obtain evidence had been suppressed. Indeed the situation in the case at bar is more serious than in *Gregory* because in *Gregory* the witness had been told not to discuss the case unless the prosecutor was present while in the instant controversy, the

witness was told not to discuss the case at all. As stated in *People v. Hambleton*, 399 Ill. 388, at 393, 78 N.E.2d 293, at 296 (1948), "A defendant in every criminal case is entitled, under the law, to a reasonable time and *full opportunity to prepare for his trial*, and that right is one guaranteed to him by the constitution." (Emphasis added.) The defendants in the case at bar were denied the full opportunity to prepare for their trial by the erroneous instructions given by Mitchell to Kleinman.

■■ The Illinois Code of Criminal Procedure states that "On motion of the defendant the court shall order the State to furnish the defense with a list of prosecution witnesses and their last known addresses, * * *." (Ill. Rev. Stat. 1971, ch. 38, par. 114—9(a).) "The purpose of the requirement that a list of witnesses shall be furnished the defendant is to prevent surprise and afford an opportunity to combat false testimony." (*People v. Quevreaux*, 407 Ill. 176, at 183 to 184, 95 N.E.2d 62, at 67 (1950).) The fair import of this provision is to allow the defense an opportunity to seek to discuss the case with the prosecution witnesses and obtain from them material and relevant information. In *People v. Moses*, 11 Ill.2d 84, at 89, 142 N.E.2d 1, at 3 to 4 (1957), the court quoting Judge Cooley stated, " 'The State has no interest in interposing any obstacle to the disclosure of the facts, unless it is interested in convicting accused parties on the testimony of untrustworthy persons.' (*People v. Davis*, 52 Mich. 569, 573.)" The list of prosecution witnesses provided by the State to the defense in the case at bar included the name and address of Mr. Kleinman but the erroneous instruction given by Mitchell to Kleinman amounted to an obstacle interposed by the State to the disclosure of facts. This obstacle and the long duration of time it was permitted to exist made it impossible for the defendants to receive a fair trial.

The State attempts to exculpate itself from the situation by stating that the erroneous instruction had been rescinded. It is true that Kleinman was told approximately 8 months after the erroneous instruction had been given that he could discuss the case with the defendants or their counsel if he chose to do so. The law is that a witness is not required to speak to the defense and the prosecuting attorney can so inform him. (*People v. Jackson, supra.*) However, courts do not decide cases in a vacuum and must be aware and take account of the practical realities of the situations presented to them. In the case at bar the erroneous instruction had been outstanding for approximately 8 months before it was rescinded and it would be a test of credulity to say that after 8 months of being told by his employer not to discuss the case Kleinman would readily speak to the defense. It is more probable that Kleinman would

continue in his refusal to speak to the defendants' attorney in order to comply with the obvious wishes of his employer and avoid conflict with his supervisor.

■■ It is important to note that the prosecuting attorney at the hearing on the motion to dismiss in regards to Kleinman choosing or not ' choosing to speak to the defense stated that the prosecution took no stand whatsoever in the matter. Under the circumstances of his case where an erroneous instruction to a witness had been outstanding for such a long period, the prosecution could have offered to use its influence and recommend to Kleinman that he speak with the defense. Such an offer would not have been improper but on the contrary would have been a good-faith effort to correct an errant situation and afford fairness to the defendants and full opportunity to prepare their defense. The trial court could not compel or order Kleinman to speak to the defense. (*People v. Jackson, supra.*) When a trial court is confronted with the fact that an erroneous instruction has been given to a witness and allowed to stand for such a long period of time as in the case at bar so as to deny a defendant a full opportunity to prepare his defense and make a fair trial impossible, it is within the power and authority of the trial court and entirely proper for it to dismiss the prosecution.

The State also contends that the trial court erred in dismissing all of the complaints because the court's rationale for doing so was not one of the ten grounds listed in the statutory provision for a motion to dismiss the charge. (Ill. Rev. Stat. 1971, ch. 38, par. 114—1(a) (1) to (10).) It is the contention of the State that the grounds listed in the statute are the exclusive grounds upon which a charge can be dismissed. While this court is cognizant of the cases of *People v. Shick,* 101 Ill.App.2d 377, 243 N.E.2d 285 (1968); *People v. Barksdale,* 110 Ill.App.2d 163, 249 N.E.2d 165 (1969) and *People v. Long,* 126 Ill.App.2d 103, 261 N.E.2d 437 (1970), which have all held that the only grounds upon which a defendant can be discharged without a trial are those contained in the statutory provision, none of those cases involved the unique and particular factual situation presented in the case at bar.

■■ A trial court has the inherent authority to insure that a defendant receives a fair trial. (*People v. Endress,* 106 Ill.App.2d 217, 245 N.E.2d 26 (1969).) Under the circumstances existing in the case at bar, the trial court perceived that the defendants could not receive a fair trial and thus in these particular circumstances it was appropriate and within the trial court's authority to dismiss the complaints although the case did not come within the confines of section 114—1(a) of our Code of Criminal Procedures. The erroneous instruction to Mr. Kleinman and the long period of time it was permitted to remain outstanding was a suppression

of a means by which the defense could obtain evidence and constituted a denial of due process of law in that it made a fair trial impossible. Courts are not required to engage in futile or useless acts and to proceed to trial under the circumstances existing in the instant controversy would have been such an act. The errant situation in the case at bar had not been rectified and the trial court knew that as a practical matter it could not be. Therefore, in order to avoid a deprivation of the defendants' constitutional right to due process of law it dismissed all of the complaints. We are of the opinion that under the facts in this case the trial court's dismissal of the complaints was proper and within its power and authority.

For the reasons herein stated the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

DIERINGER and JOHNSON, JJ., concur.