THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* CHARLES THOMAS, Defendant-Appellee.

(No. 74-238;

. Third District—January 14, 1975.

C. Brent Bode, State's Attorney, of Pekin, for the People.

Patrick Tuite, Ltd., of Chicago, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

A four-count information was filed charging defendant, Charles Thomas, with obscenity in violation of section 11—20(a)(3) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 11—20(a)(3)). The State appeals pursuant to Supreme Court Rule 604(a) (Ill. Rev. Stat. 1973, ch. 110A, par. 604(a)) from an order of the Circuit Court of Tazewell County dismissing the cause for want of prosecution.

Both parties joined in a motion for continuance based partially on the unavailability of essential witnesses. The motion was denied and the trial judge, Judge Reardon, called for voir dire examination of prospective jurors. The assistant State's Attorney declined to proceed with voir dire, and defense counsel renewed his motion for continuance. Judge Reardon then dismissed the case for "want of prosecution" and the People appeal from this ruling. Defendant did not file a brief on appeal.

■■ The sole issue here is whether the court on its own motion before trial could dismiss the charges for want of prosecution. In accord with *People v. Guido,* 11 Ill.App.3d 1067, 297 N.E.2d 18, *People v. Hoover,* 12.Ill.App.3d 25, 297 N.E.2d 400, *People v. Barksdale,* 110 Ill.App.2d 163, 249 N.E.2d 165, and *People v. Shick,* 101 Ill.App.2d 377, 243 N.E.2d 285, we hold that in the absence of one of the grounds set forth in section

114—1 of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 114—1), the action of the trial court was improper. Where the motion for a continuance has been properly denied the case should be called for trial, and if no evidence or insufficient evidence is presented by the People, then a judgment of acquittal may be entered by the court.

For the foregoing reasons the judgment of the Circuit Court of Tazewell County is reversed and remanded for further proceedings.

Reversed and remanded for further proceedings.

STENGEL and BARRY, JJ., concur.