THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant. v. DAVE MELSON, Defendant-Appellee.

Fifth District   No. 76-537

Opinion filed May 20, 1977.

G. MORAN, J., dissenting.

Nicholas G. Byron, State's Attorney, of Edwardsville (Bruce D. Irish and James R. Sanders, both of Illinois State's Attorneys Association, of counsel), for the People.

Thomas A. Hill, of Mateyka and Hill, of Granite City, for appellee.

Mr. PRESIDING JUSTICE CARTER delivered the opinion of the court:

The State appeals from an order of the Circuit Court of Madison County dismissing an indictment returned against Dave Melson charging him with the unlawful delivery of a controlled substance, PCP. The trial court ruled that the grand jury could not have found probable cause if they had been properly instructed on the law. The flaw in the indictment, according to the trial court, was the lack of evidence before the grand jury tending to show knowledge on the part of the defendant as to the actual composition of the substance he sold to an agent of the Metropolitan Enforcement Group of Southwest Illinois (MEGSI).

The State contends that the trial court acted without authority in dismissing the indictment, because it is not open to challenge on the ground that it is not supported by adequate evidence.

On June 9, 1976, defendant sold seven tinfoil packets of a powdery substance that he represented to be "THC" to an agent of MEGSI. The agent had asked about some "THC" and defendant said that he had some. The substance was later analyzed by the Illinois Bureau of Identification as not "THC" but .3 gram of PCP, a controlled substance. "THC", a derivative of cannabis, is not a controlled substance.

Defendant claims that he had no knowledge of the actual composition of the powder he sold, and that all parties involved thought they were dealing with "THC", thus no evidence was presented on an essential element of the offense with which defendant is charged, that defendant "knowingly" delivered a controlled substance.

In its order the trial court used language from *People v. Sears*, 49 Ill. 2d 14, 273 N.E.2d 280, as authority to hold that due process required a dismissal of the indictment since no evidence of "knowledge" was presented to the grand jury. *Sears* was cited for the proposition that the court has an inherent power of supervision over the grand jury. In *Sears* the trial court was petitioned to review testimony presented to a grand jury to determine if alleged wrongdoings by the prosecutor existed. Indictments had not yet been returned in the case. In our opinion, *Sears* stands for the proposition that a court may act *prior* to indictment to prevent injustice and abuse of process. *In re Fried*, 161 F.2d 453 (2d Cir. 1947), and *Austin v. United States*, 297 F.2d 356 (4th Cir. 1961), were cited by the trial court for the same proposition as *Sears*. *In re Fried* and *Austin*

*v. United States* involved the trial court's suppression of documents or testimony from the grand jury on the grounds that the documents or testimony were taken from defendants in violation of their constitutional rights. The courts of appeal held that the district courts had inherent supervisory powers over the grand jury and they may act *prior* to indictment to prevent injustice and abuse of process.

While it is our opinion that *Sears, In re Fried,* and *Austin* accurately state the law as applied to their respective factual situations, they are not authority for dismissing this indictment.

The situation facing the Madison County Circuit Court was not a matter of improper testimony before the grand jury over which the trial court would have had the power prior to indictment to supervise, but rather an after-the-fact challenge to the sufficiency of the evidence on which the grand jury could indict.

The grounds for dismissing an indictment prior to trial are set out in section 114—1(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 114—1(a)(1-10)). Sufficiency of evidence presented to the grand jury is not listed among the grounds for dismissal. This court in *People v. McAleer,* 34 Ill. App. 3d 821, 341 N.E.2d 72, held that trial courts have no power to dismiss an indictment except upon grounds provided by statute. This is the rule of law in all the appellate districts except the Fourth. *People v. Thomas,* 24 Ill. App. 3d 907, 322 N.E.2d 97 (3d Dist. 1975); *People v. Hoover,* 12 Ill. App. 3d 25, 297 N.E.2d 400 (2d Dist. 1973); *People v. Barksdale,* 110 Ill. App. 2d 163, 249 N.E.2d 165 (1st Dist. 1969).

The Fourth District in *People v. Lawson,* 38 Ill. App. 3d 239, 347 N.E.2d 430, and the First District in *People v. Silverstein,* 19 Ill. App. 3d 826, 313 N.E.2d 309, recognized the "inherent authority" in the trial court to insure that a defendant receives a fair trial and if necessary, to dismiss the indictment. The authority relied on by the court in *People v. Silverstein* is *People v. Endress,* 106 Ill. App. 2d 217, 245 N.E.2d 26 (4th Dist. 1969). In *Endress* the State appealed an order of the trial court suppressing certain physical evidence related to an armed robbery charge against two defendants and a court order holding the State's Attorney in contempt for refusing the order to produce the evidence for inspection by defendants. The court upheld the orders and stated:

> "In imposing sanctions the trial court is exercising its inherent authority to insure the defendants a fair trial." 106 Ill. App. 2d 217, 223.

*Endress* did not involve the dismissal of an indictment and in our opinion it was not sufficient authority on which to base the rule of law stated in *Silverstein.*

There is, however, a nonstatutory ground on which a dismissal can be

based. The rule is stated in *People v. Jones,* 19 Ill. 2d 37, 166 N.E.2d 1, as follows:

> " * * * [A]n indictment will not be quashed unless all the witnesses were incompetent or all the testimony upon which it was found was incompetent. [Citations.]" (19 Ill. 2d 37, 41.)

The court went on to say that if a witness was disqualified by law, then his testimony was incompetent, otherwise if a witness was competent, his testimony was competent. The court held that the trial court should not inquire into the adequacy of the evidence before the grand jury, stating the following:

> "The question then is whether it will further the administration of justice to permit defendants to challenge indictments on that ground [incompetent evidence]. The law favors promptness in the dispatch of criminal business of the courts when in harmony with the effective protection of the rights of the accused and the interests of the public. The delay is great when an accused can assail an indictment on this ground and cause the trial court to review all the evidence presented to the grand jury, as was done in this case. Such procedure adds nothing to the assurance of a fair trial to which the accused is entitled. We are of the opinion that the trial court should not inquire into the adequacy and competency of the evidence before the grand jury.
>
> In conclusion, we hold that it is neither necessary nor proper, in ruling upon a motion to quash an indictment, to consider the evidence before the grand jury." (19 Ill. 2d 37, 43.)

*See also People v. Orr,* 10 Ill. 2d 95, 139 N.E.2d 212, *cert. denied,* 353 U.S. 987, 1 L. Ed. 2d 1145, 77 S. Ct. 1290; *People v. Southwood,* 49 Ill. 2d 228, 274 N.E.2d 41; *People v. Derrico,* 409 Ill. 453, 100 N.E.2d 607.

This court has followed *Jones, Orr, Southwood* and *Derrico* in *People v. Moore,* 28 Ill. App. 3d 1085, 329 N.E.2d 893, holding that the grand jury's determination of probable cause is final unless all witnesses or all testimony is incompetent. In the case before us testimony was given by an agent of MEGSI who testified as to the sale to him by defendant of seven packets of powder allegedly containing "THC". His testimony was all competent and did not fall within the exception as set out in *Jones.*

In *Costello v. United States,* 350 U.S. 359, 100 L. Ed. 397, 76 S. Ct. 406, the United States Supreme Court considered what evidence an indictment could be based upon. Defendant in that case was indicted on solely hearsay testimony and argued that this violated his fifth amendment rights. Before holding that hearsay testimony was sufficient grounds upon which to indict, Justice Black, speaking for the Court, stated the following:

> "If indictments were to be held open to challenge on the ground

that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment. An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more.

Petitioner urges that this Court should exercise its power to supervise the administration of justice in federal courts and establish a rule permitting defendants to challenge indictments on the ground that they are not supported by adequate or competent evidence. No persuasive reasons are advanced for establishing such a rule. It would run counter to the whole history of the grand jury institution, in which laymen conduct their inquiries unfettered by technical rules. Neither justice nor the concept of a fair trial requires such a change. In a trial on the merits, defendants are entitled to a strict observance of all the rules designed to bring about a fair verdict. Defendants are not entitled, however, to a rule which would result in interminable delay but add nothing to the assurance of a fair trial." (350 U.S. 359, 363-64, 100 L. Ed. 397, 402-03, 76 S. Ct. 406.)

While *Costello* is not binding on this court, we find its rationale to be persuasive.

Federal courts sitting in Illinois have held that indictments will be dismissed only if all witnesses are incompetent. *Tinkoff v. United States* (7th Cir. 1936), 86 F.2d 868; *United States v. DiFronzo* (7th Cir. 1965), 345 F.2d 383.

The issue of the sufficiency of evidence before a grand jury to indict has been annotated in 59 A.L.R. The majority of jurisdictions follow the rule that where there is some evidence before the grand jury tending to connect the accused with the offense charged, the lack of evidence upon some essential element of the offense is not a ground for quashing the indictment. (Annot., 59 A.L.R. 567, 579 (1929).) The case reported in this annotation, *Brady v. United States* (8th Cir. 1928), 24 F.2d 405, stands for the proposition that an indictment will be quashed if no evidence was before the grand jury on a separate element of the offense. It is the opinion of this court that the better rule is the one espoused by the majority of jurisdictions. We find the rationale as stated in *Costello* to be persuasive and to constitute further support for our own opinions in *People v. McAleer* and *People v. Moore.*

For the foregoing reasons the order of the circuit court dismissing the indictment is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

JONES, J., concurs.

Mr. JUSTICE GEORGE J. MORAN, dissenting:

The only question we are called upon to answer in this case is whether the dismissal of an indictment is warranted where absolutely no evidence has been presented to the grand jury on a necessary element of the offense. I agree that a trial court is generally without authority to inquire into the sufficiency of the evidence presented to the grand jury if some competent evidence has been presented to support each material element of the accusation. However, I believe that when evidence of an essential allegation is entirely absent, as in this case, it is proper for the trial court to dismiss the indictment. I would accordingly adopt the view expressed in *Brady v. United States*, 24 F.2d 405 (8th Cir. 1928), as the more logical approach to be followed in this case.