(No. 36454.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES LINDBERG PEYTON, Plaintiff in Error.

*Opinion filed September 28, 1962.*

JAMES O'BRYANT, JR., of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

The defendant, Charles Lindberg Peyton, in a trial before the court without a jury, was found guilty of unlawfully selling, dispensing and controlling a narcotic drug, heroin. He was sentenced to the penitentiary for a term of not less than ten years nor more than ten years and one day. He contends on this writ of error that the evidence was insufficient to support the conviction, and that he was prejudiced by the failure of the State to produce a material witness.

The chief witness for the People was Anthony Johnson,

a Federal agent. He testified that, on September 9, 1958, he had a conversation with James Reynolds, a narcotic informer, after which Reynolds arranged to purchase a supply of narcotics from the defendant. On the evening of the same day, the defendant brought a package to the apartment of Reynolds, where a Mr. Hoskins, Reynolds and Johnson were waiting. On his arrival, the defendant took the package from his pocket and placed it in the extended hand of Johnson. Immediately thereafter, he picked up $200 in money which had been placed on the bed by Johnson and counted it. He then told Johnson, "You better sift that stuff before you do anything with it." In the same conversation, Reynolds introduced Johnson to the defendant as a Mr. McKnight, told defendant that McKnight "will be copping from you from now on."

Neither Reynolds nor Hoskins appeared as a witness at the trial. When Johnson was questioned as to their whereabouts, he stated that Reynolds was in a Federal penitentiary in Ohio, and that Hoskins could not be located, although efforts to locate him had been made.

Samuel Newey, another narcotics agent, who arrested defendant, testified that he had a conversation with defendant at the time of the arrest, in which defendant admitted that he had sold the narcotics to Johnson, and that he had obtained the narcotics from Bobby Payne, but refused to sign a statement that Payne was his source of supply.

Another Federal agent, James, testified that he made a field test of the powder in the package, which indicated that it was heroin. This determination was confirmed by the testimony of a chemist who subsequently tested the powder.

The defendant testified in his own behalf. He stated that he delivered the package at the request of Payne and denied that he had any knowledge of the contents of the

package. He said he handed the package to Reynolds, rather than Johnson. He further testified that he had picked up the money on the bed, but that he did so at the request of Payne. He denied the alleged admissions of his guilt, and disclaimed any intention to commit a crime.

Defendant contends that the evidence is insufficient because the State failed to prove that he had knowledge that the package contained narcotics. The element of knowledge is rarely susceptible of direct proof, but it may be proved by evidence of acts, declarations or conduct of the accused from which an inference of knowledge may fairly be drawn. (*People* v. *Embry*, 20 Ill.2d 331, 334.) The evidence of the admissions made by the defendant at the time of his arrest, together with the testimony of Johnson concerning the conversation that was had in the apartment at the time defendant delivered the package, are sufficient to sustain the inference that defendant knew that the package contained narcotics. The trial judge was not obliged to believe defendant's version that he was an innocent errand boy. The question is essentially one of the credibility of the witnesses, rather than the sufficiency of the evidence. We have held many times that, where a case is tried without a jury, the credibility of the witnesses and the weight to be given to their testimony is for the determination of the trial judge, who saw and heard the witnesses. We are not disposed, therefore, to set aside the finding of the trial judge. *People* v. *Dillon*, 24 Ill.2d 122; *People* v. *Sally*, 17 Ill.2d 578.

Defendant also contends that the fact that Johnson waited some 50 days after the commission of the crime instead of arresting him immediately renders the People's evidence unsatisfactory and insufficient to sustain the conviction. This contention is without merit, particularly in view of Johnson's explanation that he was conducting other investigations into the sale of narcotics, and to have arrested defendant and revealed Johnson's identity earlier would have

frustrated these investigations. The evidence is sufficient to sustain the finding of guilt.

Finally, defendant contends that he was prejudiced by the failure of the People to produce the informer, Reynolds, as a witness. Here the People explained the absence of Reynolds by the fact that he was, at the time of trial, in a Federal prison in Ohio. There is nothing in the record to suggest that the People concealed the whereabouts of Reynolds or misled the defense in any way in regard to this matter. The prosecution is under no obligation to call an informer as a witness (*People* v. *Aldridge,* 19 Ill.2d 176; *People* v. *Sustak,* 15 Ill.2d 115) and, while we said in *People* v. *Strong,* 21 Ill.2d 320, that an unexplained failure to call an informer may give rise to an inference against the State, no such inference arises where, as here, the absence of the informer is explained. *People* v. *Morrison,* 23 Ill.2d 201.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*