(No. 39836.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
CLARK ALLEN, Appellant.

*Opinion filed September 29, 1967.*

WARD, J., took no part.

JOHN C. MERRIMAN, of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHH J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and TRUMAN LARREY, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Defendant, Clark Allen, was convicted of selling narcotics by a jury in the criminal court of Cook County and was sentenced to the penitentiary for a term of not less than 15 nor more than 20 years. On August 5, 1963, he filed a petition, *pro se,* for relief under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1963, chap. 38, pars. 826-832.) On motion of the State the petition was dismissed on October 8, 1963, and on February 21, 1964, defendant filed a motion to vacate the order dismissing his petition and for leave to file an amended petition. This motion was denied and the case is here for review under the Post-Conviction Hearing Act.

Defendant contends that the court erred in dismissing his petition and in failing to require the State to answer. The State argues that its motion to dismiss was properly granted on the grounds that the petition failed to raise any constitutional questions within the purview of the Act. It should be noted that, although the petition was filed *pro se,* defendant was represented by court-appointed counsel at the hearing on the motion to dismiss.

According to the petition, on August 7, 1961, defendant was arrested without a warrant for selling narcotics to Federal agents on June 24 and 29, 1961. He was represented by private counsel at trial and on June 5, 1962, he was convicted. Although his petition alleges a number of errors in the trial, the sole argument here is that the alle-

gations concerning the delay between the alleged sales of narcotics and the arrest are sufficient, in themselves, to raise a question as to the constitutionality of the proceedings leading to conviction. The sole issue, then, is whether the delay constituted such a substantial denial of constitutional rights as to render the trial court's dismissal of defendant's petition error. We have recognized that it is not unusual in a narcotics case to have several months elapse from the time of the commission of the crime to the date of arrest since such delays are often aimed at discovering suppliers at higher levels and have held that a reasonable delay in arrest, in and of itself, is not a denial of due process. (*People* v. *Parson,* 27 Ill.2d 263, delay of 6 months; *People* v. *Guido,* 25 Ill.2d 204, delay of over 3 months; *People* v. *Peyton,* 25 Ill.2d 392, delay of 50 days.) Here, defendant was not arrested until 44 days after the first alleged sale and 39 days after the second. There is nothing in the record to show that such a delay resulted in a denial of due process.

Defendant also argues that the allegations in his petition concerning constitutional violations are supported by the record in that the record shows the delay between the offense and the arrest. However, since we have said that such a delay does not, *per se,* pose a question of substantial denial of constitutional rights, the question of whether the record supports the allegation is moot.

We have carefully examined the entire post-conviction record and cannot say that dismissal of the petition or that denial of defendant's motion for leave to amend was error. Accordingly, the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.