STATE OF NEBRASKA, APPELLEE, v. CHARLES HEISER, APPELLANT.

163 N. W. 2d 582

Filed December 20, 1968.    No. 36982.

A. James McArthur, for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and SCHMIDT, District Judge.

NEWTON, J.

Defendant Charles Heiser was convicted of the unlawful possession of marijuana. His motion for a new trial was overruled and he has appealed to this court.

The evidence of the State may be summarized as follows: Defendant and one Richard Evans were roomers in a house at 2010 F Street in Lincoln, Nebraska, owned and occupied by Ronald Jahde. About 11 p.m. on November 17, 1967, Officer Ivan L. Waples of the Lincoln police department was informed by Karen Andrews that a marijuana party was being conducted by defendant at the address mentioned. She gave the officer a small container of marijuana. Karen Andrews was an employee of the municipal court in Lincoln and Officer Waples had been acquainted with her for about 1 month. Officers Waples, Jacobson, Merritt, and Ideen arrived at defendant's place of residence sometime after midnight on the morning of November 18, 1967. Officer Jacobson went to the back door and the other three knocked on the front door. Defendant came to the door, looked out through the glass in the door, was shown an officer's badge, and was thus informed that his callers were the police. Defendant asked what they wanted and on being told they wanted to come in, asked if they had a search warrant. He was told that they did not. Defendant refused to open the door. He was observed through the glass to run back toward the kitchen which was also lighted. Officer Jacobson, looking through the glass in the back door, saw defendant enter the bathroom, heard a window being opened, and saw the defendant reach out and place two containers on the garage roof, then pick them up and throw them out on the lawn. The containers contained marijuana. In the meantime, Karen Andrews, who, with several other people, was in the house, unlocked and opened the front door and admitted

the officers, one of whom went to the back door, unlocked it, and admitted Officer Jacobson. Jacobson entered and placed defendant under arrest. The odor of burnt marijuana was detected in the house. Captain Sellmeyer and other officers arrived. The captain requested of defendant permission to search the house. Defendant gave permission and unlocked one of the upstairs rooms for the officers. Another small container containing marijuana was found in a dresser in defendant's room.

At the police station, defendant was fully warned of his rights, waived them, and voluntarily answered questions put to him by Captain Sellmeyer. He admitted having thrown the marijuana containers out the window and that he had been giving marijuana parties.

Defendant testified in his own behalf. His evidence is in contradiction of the police version. He denied that marijuana had been smoked in the house and any knowledge of any of the marijuana found. He also denied having given permission for a search of the house and having made any admissions to Captain Sellmeyer.

Defendant urges three assignments of error: First, the admission of exhibit 3, which was the marijuana container found in defendant's dresser drawer, on the ground that it was the fruit of an illegal search; second, that exhibit 3 was erroneously withheld from the jury and exhibit 5, which was a photograph of the kitchen table with the marijuana containers and other objects thereon and which had been excluded from evidence, was permitted to go to the jury; and third, that defendant's counsel, in argument, was erroneously prevented from commenting on the State's failure to call Karen Andrews as a witness.

According to evidence adduced by the State, the police had been informed by a private citizen, who was known to one officer, of the defendant's possession of marijuana and had furnished a sample of it to the officer. Prior to the entry of the police into defendant's home, he was seen

by the arresting officer to throw two packages, later ascertained to contain marijuana, from a window. The police were admitted by a guest of defendant and detected the odor of burnt marijuana in the house. Defendant was arrested. Defendant was then given the Miranda warnings and was asked for permission to search the house. He gave that permission and even unlocked the door to one room on request of the officers. It is true that defendant denied much of this evidence, but it is sufficient to justify the court and jury in concluding that the search was not an illegal one.

The police had information from an informant they considered reliable of defendant's illegal activity and the arresting officer saw defendant attempt to dispose of a quantity of marijuana. The circumstances were sufficient to convince a person of reasonable caution that an offense was being committed and to justify defendant's arrest. An arrest based upon probable cause derived from facts and circumstances within an officer's knowledge or of which he has reasonably trustworthy information sufficient to warrant a man of reasonable caution in believing an offense has been, or is, being committed, may be made without a warrant. See, State v. Perez, 182 Neb. 680, 157 N. W. 2d 162; State v. Cook, 182 Neb. 684, 157 N. W. 2d 151. A search and seizure incident to a lawful arrest is not violative of the Fourth Amendment. See, Agnello v. United States, 269 U. S. 20, 46 S. Ct. 4, 70 L. Ed. 145, 51 A. L. R. 409; Reed v. United States, 364 F. 2d 630 (9th Cir.); United States v. Tucker, 380 F. 2d 206 (2d Cir.).

Defendant's second assignment of error is baseless. It appears that the court reporter committed an error in indexing the exhibits referred to. There was no actual mixup in the exhibits given the jury for consideration. The indexing error has been corrected by the filing of a supplemental bill of exceptions.

In argument to the jury, defense counsel made the following statement: " 'The State has the burden of

producing all material witnesses to the alleged offense; and if you find that the State has not produced a material witness you may presume from that failure that any such witness would have given testimony damaging to the State's case.' " Objection to this remark was sustained. Evidence introduced by the State had shown the witness referred to, Karen Andrews, to be residing in the State of California and outside the jurisdiction of the court. Ordinarily it is not improper for counsel to comment on the failure of the opposing side to produce or use available and competent witnesses, where the circumstances justify an unfavorable inference from such omission. See 23A C. J. S., Criminal Law, § 1099, p. 174. In the present instance, it appears the court ruled correctly on several different grounds. The statement made was an incorrect statement of the law regarding the requirement that the State produce all material witnesses. The State is not required to call all material witnesses to an offense. See, Bloom v. State, 95 Neb. 710, 146 N. W. 965; 23 C. J. S., Criminal Law, § 1017, p. 1094. The failure of the State to call a witness to prove a fact material to its case raises no inference unfavorable to the State when it appears that the witness is not within its reach. See, 22A C. J. S., Criminal Law, § 594, p. 373; People v. Gutierrez, 128 Cal. App. 2d 387, 275 P. 2d 65; People v. Peyton, 25 Ill. 2d 392, 185 N. E. 2d 163.

The trial court has a wide discretion in determining the latitude permitted in the argument of counsel. See, State v. Burchett (Mo., 1957), 302 S. W. 2d 9; Bizup v. People, 150 Colo. 214, 371 P. 2d 786.

Errors in the trial of a criminal case, in order to require a reversal of conviction, must be harmful to a substantial right of the defendant. See Franz v. State, 156 Neb. 587, 57 N. W. 2d 139. Here the undisputed evidence disclosed the witness to be out of the jurisdiction of the court and unavailable; her evidence would have been only of a cumulative nature and apparently

detrimental to defendant. There could be no prejudice in restricting comment by defendant's counsel.

No error appearing, the judgment of the trial court is affirmed.

AFFIRMED.