**UNITED STATES of America,
Plaintiff,**

v.

**Claude L. WILFORD, Defendant.
Crim. A. No. 2403.**

United States District Court,
D. Delaware.

Oct. 11, 1973.

Bruce L. Thall, Asst. U. S. Atty., Wilmington, Del., for plaintiff.

Mason E. Turner, Jr., of Prickett, Ward, Burt & Sanders, Wilmington, Del., for defendant.

## MEMORANDUM OPINION AND ORDER

STAPLETON, District Judge:

On July 27, 1973 the Grand Jury returned an indictment in two counts charging Claude L. Wilford with distribution of heroin in violation of 21 U.S. C. § 841(a)(1). The offenses were alleged to have occurred on May 18 and May 21, 1973.

Defendant has moved for dismissal of the indictment on the ground that an alleged "deliberate policy" of the government to delay his arrest has denied him substantial rights under the Fifth and Sixth Amendments. At argument on the motion the defendant offered to prove at an evidentiary hearing that the delay complained of had made it impossible for him to adequately reconstruct the events of the days on which the offenses are alleged to have occurred. It is asserted that his memory as well as the memories of those with whom it is most likely that he associated on the relevant dates is dimmed by the needless passage of time between the offense and the arrest.

Defendant's Sixth Amendment claim can be quickly disposed of. The Supreme Court has definitively established that the right to a speedy trial which that amendment guarantees does not attach until the defendant is, in some formal sense, an "accused." Therefore, delays prior to the earlier of arrest or indictment are simply irrelevant to a legitimate Sixth Amendment claim. United States v. Marion, 404 U. S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971).

The protections guaranteed by the Due Process Clause of the Fifth Amendment are, however, of broader compass and do comprehend a needless pre-arrest delay; in *Marion* the court strongly intimated that where actual prejudice is shown and the government has intentionally delayed arrest to gain tactical advantage, the Fifth Amendment may require dismissal. United States v. Marion, *supra* at 325–326, 92 S.Ct. 455. It has been recognized by lower courts that the judgment whether a pre-arrest delay violates the defendant's right to due process of law involves a balancing between, on the one hand, the nature and effect of the actual prejudice defendant has suffered, and, on the other, the reasonableness of the delay both in terms of its length and its cause. *E. g.*, Ross v. United States, 121 U.S. App.D.C. 233, 349 F.2d 210 (1965); Robinson v. United States, 148 U.S.App.D.C. 58, 459 F.2d 847, 851 (1972); United States v. Kleinbard, 333 F.Supp. 699 (E.D.Pa.1971).

While the relatively short delay between offense and arrest in this case does not, in itself, suggest unreasona-

**740**

bleness, I am unwilling to hold the nine week delay reasonable as a matter of law. The Constitution draws no bright lines to guide us in this area; the showing that needs to be made is "intensely dependent on the facts of each case." *Robinson, supra,* 459 F.2d at 852.

 Defendant has asked for a pre-trial evidentiary hearing on the dual issues his motion raises. Such a hearing is generally appropriate to provide an opportunity to present evidence which could not come before the jury as bearing on the merits of the case.[1] In the context of this case, however, a pre-trial hearing would not provide an appropriate record to resolve the question presented. Certainly an early determination of this issue might work to defendant's advantage, however, in my judgment, any such possible advantage to the defendant is substantially outweighed by the desirability of judging the issue of possible prejudice in the context of the evidence adduced at trial. The case is currently scheduled for trial in two weeks; it will last two days. Since the concept of prejudice relates to an increase in the risk that an innocent defendant will be convicted erroneously, a determination of actual prejudice may be made with greatest assurance at the close of all evidence. For example, a loss of memory adequate to reconstruct the events of the day in question might, if believed, constitute a substantial prejudice where the identification testimony in the government's case is weak or questionable; the same loss of memory might not be substantially prejudicial where the identification testimony is compelling and corroborated.[2] Only at trial may the relevance of any effect of the delay be set in its context and properly assessed.

Moreover, a pre-trial evidentiary hearing is not the most desirable basis for assessing prejudice for the very practical reason that at such a hearing a defendant has no incentive to disclose his most vigorous defense. The consequences of his memory being dim or his witnesses being lost are of small consequence to him at this stage. At trial, however, the possibility of conviction gives to the Court greater assurance that the defendant's memory has been fully searched, or his witnesses conscientiously sought out.

I will, therefore, reserve judgment on defendant's motion until the close of all evidence in the trial of this case. There will, nevertheless, be a pre-trial hearing on the afternoon before the commencement of trial at which the Court will hear evidence from the government on the reason or reasons for the nine week delay complained of. If the defendant has any evidence on the issue of prejudice which will not be offered before the jury at trial, he may offer it at the pre-trial hearing.

It is so ordered.

---

1. Evidence of the cause for the delay is a clear example of such evidence.

2. See *e.g.,* Hardy v. United States, 127 U.S. App.D.C. 162, 381 F.2d 941 (1967); Robinson v. United States, 148 U.S.App.D.C. 58, 459 F.2d 847, 853 nn. 36, 37 (1972).