(No. 46851.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. ENOCH SILVERSTEIN *et al.*, Appellees.

*Opinion filed March 24, 1975.—Rehearing denied May 29, 1975.*

William J. Scott, Attorney General, of Springfield (James B. Zagel, Jayne A. Carr and Michael J. Murphy, Assistant Attorneys General, of Chicago, of counsel), for the People.

Joseph A. Lamendella and Eugene F. LaPorte, of Chicago (Schippers, Betar, Lamendella & O'Brien, of counsel), for appellees.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

The People appealed from the judgment of the circuit court of Cook County entered upon allowance of defendants' motion to dismiss six criminal complaints against each of the defendants, Sidney Silverstein and Enoch Silverstein, charging them with failure to file use tax returns (Ill. Rev. Stat. 1971, ch. 120, par. 439.14) and with filing fraudulent retailers' occupation tax returns (par. 452). The appellate court affirmed (19 Ill. App. 3d 826), and we allowed the People's petition for leave to appeal.

In their motion to dismiss defendants alleged, in pertinent part, that "Prosecution personnel advised a person having relevant material and information to refrain from discussing the case with defense counsel." In the affidavit of defendants' counsel, filed in support of the motion, counsel stated that in a telephone conversation with one Jack Kleinman, an auditor for the Illinois Department of Revenue who had "engaged in audit

activities related to the subject matter of the prosecution," counsel had asked Kleinman to discuss with him "all matters within his knowledge concerning the instant prosecution"; that later Kleinman called defendants' counsel and stated that on instruction from Phillip Mitchell, chief of the Intelligence Division of the Illinois Department of Revenue, Kleinman could not speak to defense counsel, and that defense counsel "should direct his requests to Mitchell and his aides."

There is nothing in the record to indicate that defendants' counsel discussed the matter with Mitchell or that he, at any time, attempted to do so.

Some eight months later the People filed a response to defendants' motion to dismiss, admitting all the factual allegations in defense counsel's affidavit, but alleging that Mitchell, upon advice of the Attorney General's office, had withdrawn his instructions and had told Kleinman that he was free to discuss the case with defense counsel if he chose to do so.

The circuit court conducted a hearing on the motion to dismiss, at which time Mitchell testified that he had not informed Kleinman that he was free to discuss the case with defense counsel until approximately eight months after he was advised by the Attorney General's office to do so. The circuit court expressed concern about the lapse of time since the filing of the motion to dismiss and, relying on Gregory v. United States (D.C. Cir. 1966), 369 F.2d 185, dismissed the complaints.

The People contend here, as they did in the appellate court, that the circuit court erred in dismissing the complaints for the reason that such dismissal was not based on one of the exclusive statutory grounds for dismissal enumerated in section 114—1(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 114—1(a)). Defendants contend that the erroneous instructions to Kleinman, uncorrected for a period of eight months, made it impossible for them to properly prepare

their defense, thus making a fair trial impossible and depriving them of due process of law. They argue that the constitutional requirement of due process supersedes the purported statutory limitation of the circuit court's authority for dismissal and that the action of the circuit court was in the exercise of its "supervisory power" and necessary to insure due process.

The appellate court concluded that:

"The erroneous instruction to Mr. Kleinman and the long period of time it was permitted to remain outstanding was a suppression of a means by which the defense could obtain evidence and constituted a denial of due process of law in that it made a fair trial impossible. Courts are not required to engage in futile or useless acts and to proceed to trial under the circumstances existing in the instant controversy would have been such an act. The errant situation in the case at bar had not been rectified and the trial court knew that as a practical matter it could not be. Therefore, in order to avoid a deprivation of the defendants' constitutional right to due process of law it dismissed all of the complaints. We are of the opinion that under the facts in this case the trial court's dismissal of the complaints was proper and within its power and authority." 19 Ill. App. 3d 826, 832-833.

From our examination of the record we conclude that we need not, and therefore do not, decide whether the power of the circuit court to dismiss the complaints was circumscribed by section 114—1(a) or whether the circuit court was possessed of inherent power to impose the sanction of dismissal of the complaints because of Mitchell's orders to Kleinman. Assuming, *arguendo,* that the circuit court had the power to order the dismissal, it erred in so doing.

Although defendants filed a "Motion for Evidence

favorable to defendants," a "Motion for Disclosure of Electronic Surveillance," a "Motion to Suppress Evidence," a "Motion for a list of the State's Witnesses" and a "Demand for a Bill of Particulars" the record fails to show that defense counsel, as he was invited to do, spoke with Mitchell concerning his request to talk to Kleinman, or that defendants filed a motion seeking an order requiring the production of Kleinman for interview. (See *People v. Glover,* 49 Ill.2d 78.) We note further that the record shows that of seven postponements of proceedings between the date of the filing of defendants' motion to dismiss and the hearing on the motion, two were by agreement of the parties, one was on the court's motion, and four were on defendants' motions. Further, the record fails to reflect or suggest what information defendants hoped to obtain from the interview with Kleinman which was not already made available in the People's responses to the motions above enumerated.

Although the People concede that it was improper for Mitchell to direct Kleinman not to talk with defense counsel we hold that the record fails to show a deprivation of due process which justified dismissal of the complaints.

For the reasons stated the judgments of the appellate and circuit courts are reversed and the cause is remanded for further proceedings.

*Reversed and remanded.*