THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MELVIN HOLLAND, Defendant-Appellant.

(No. 73-395;

Second District (1st Division)—May 8, 1975.

*Rehearing denied May 23, 1975.*

Ralph Ruebner and Adam Lutynski, both of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (James W. Jerz and Edward N. Morris, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The defendant was convicted of unlawfully delivering less than 30 grams of a substance containing heroin in violation of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1971, ch. 56½, par. 1401(b)), and sentenced to 1-3 years in the penitentiary. He appeals, contending that the indictment should have been dismissed because a 71-day delay between the date of the incident and the date the complaint charging the offense was filed deprived him of due process of law; and that the closing argument of the prosecutor deprived him of a fair trial.

On January 22, 1973, a criminal complaint was filed charging the offense for which defendant was ultimately convicted. The unlawful act was alleged to have occurred on November 12, 1972. Thereafter, defendant was indicted on April 4, 1973.

On June 22, 1973, defendant's counsel filed a motion for dismissal which urged that the delay in prosecution enabled one of the State's informants, Walter Richardson, to be unavailable to the defendant. At a hearing held on the motion defense counsel stated that he wished to offer testimony in support of the motion. Specifically, he stated to the court that he wished to at least explore the relationship between Michael Smith, the deputy who made the purchase, and Walter Richardson "to see if there is an advantage that was gained over Mr. Holland." The judge hearing the motion to dismiss denied it without conducting the requested evidentiary hearing.

On July 10, 1973, defendant drafted and filed a pro se petition for writ of habeas corpus, in which he included the same issue raised in the motion to dismiss. At the hearing on the habeas corpus petition the judge was informed by the State's attorney that when the offense occurred De-

puty Smith was acting in an undercover capacity in a continuing investigation of the heroin traffic in Rockford and that an immediate arrest of the defendant would have effectively precluded any further investigation. The court ruled that under the circumstances, defendant's rights had not been violated and denied the petition.

The motion to dismiss included the following allegations.

"4. That the State's delay in prosecuting this matter enabled a certain Walter Richardson to flee the State and Walter Richardson is presently unavailable to the defendant.

5. The disappearance of Walter Richardson represents a substantial prejudice to the case of the defendant, and such prejudice could have been avoided had the State pursued this matter with due diligence."

The same allegations were repeated in the pro se habeas corpus petition.

■■ Possible prejudice as distinguished from actual prejudice resulting from the passage of time between crime and arrest or charge is ordinarily addressed by the applicable statute of limitations and does not by itself pose an issue of constitutional due process. (*United States v. Marion* (1971), 404 U.S. 307, 322-23. See also *People v. Allen* (1967), 38 Ill.2d 26, 28.) To constitute a violation of due process it must be shown that the delay between crime and arrest or charge caused substantial prejudice to the defendant's right to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused. *United States v. Marion,* 404 U.S. 307, 323-324.

In narcotics cases delay commonly results from continued investigation of other suppliers and considering this factor, if the delay is reasonable, due process is not offended. *People v. Allen* (1967), 38 Ill.2d 26, 28 (39-44 days); *United States v. Williams* (1973), 352 F.Supp. 1387, 1389 (delay from January 28, 1971, to May 2, 1972, for undercover activities); *United States v. White* (7th Cir. 1972), 470 F.2d 170, 175 (15 months delay); *United States v. Napue* (7th Cir. 1968), 401 F.2d 107, 115, *cert. denied,* 393 U.S. 1024 (11 weeks); *Torriente v. United States* (S.D. N.Y. 1974), 379 F.Supp. 70 (7 months); *O'Reilly v. United States* (8th Cir. 1973), 486 F.2d 208, 210 (3 months delay).

The State has justified the delay involved here on the basis of an ongoing investigation, and the defendant has not pleaded or shown that the purpose of the delay was unreasonable. Nor has the defendant pleaded, nor is it apparent from the record, that the delay "caused substantial prejudice to * * * rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused". *United States v. Marion,* 404 U.S. 307, 324.

Defendant has cited the case of *United States v. White* (7th Cir.

1972), 470 F.2d 170, in support of the argument that an evidentiary hearing should have been allowed so as to have permitted a demonstration of actual prejudice. *White*, however, does not support defendant's argument but in fact notes that where the "trial court has held no hearing on the prejudice resulting to the defendant, appellate courts have read the record to find whether these witnesses could have materially helped the defendant's case." 470 F.2d 170, 175.

In this case, prior to trial, defendant indicated the desire for an evidentiary hearing to explore the relationship between Deputy Smith and Walter Richardson. Yet, on the morning of the trial and despite his apparent knowledge of Walter Richardson's presence somewhere in town, defendant indicated that although he "would like for him to testify," he "wasn't looking for him particularly." In addition, defendant took little advantage of the opportunity to cross-examine Deputy Smith and Detective McMahon regarding their respective relationships with Richardson. And it does not appear from the record that any form of impropriety existed between the police and the informant Walter Richardson. Nor does it appear from the record that the prosecution had any reason to delay arrest in order to gain an advantage over the defendant. The record further indicates that the State had made every possible effort to have Walter Richardson available at trial, and there is no suggestion by the defendant that if Richardson had been present for trial that his testimony would have corroborated the defendant.

■■ Finally, it must be noted that the defendant failed to raise any aspect of this issue in his post-trial motion. The failure of the defendant to raise the issue in his written motion for a new trial constitutes a waiver of that issue, as a general rule. (*People v. Pickett* (1973), 54 Ill. 2d 280, 282; *People v. Horton* (1973), 15 Ill.App.3d 51, 55.) Under the particular circumstances of this case, we find no reason to avoid the rule of waiver since we are satisfied beyond a reasonable doubt that the failure to afford an evidentiary hearing on the defendant's pretrial motion did not contribute to the defendant's conviction. See *People v. Taylor* (1974), 18 Ill.App.3d 367, 372.

■■ Inasmuch as the delay preceding the charging of defendant was neither unreasonable nor shown to be prejudicial on the record before us, we find no error in the trial court's refusal to dismiss the indictment in accordance with defendant's pretrial motion.

Defendant next argues that he was deprived of a fair trial by the following improper remarks of Mr. Moehring, the prosecutor, during closing argument.

> "MR. MOEHRING: Ladies and gentlemen I don't want to belabor or go through all the facts of the case. I also don't want to

belabor explaining or talking about the evils of the heroin traffic. I think you are fully aware of the evils of the heroin traffic.

MR. McCULLOUGH [Defense Counsel]: Objection, your Honor.

THE COURT: Overruled.

MR. MOEHRING: The defendant in this case, ladies and gentlemen, is not charged with international transportation of heroin. He is not charged with wholesale distribution. He is not charged with cutting and preparing it for resale on the street. The defendant in this case is charged with delivering, not selling, delivering less than 30 grams of a substance containing heroin to Winnebago County Sheriff's Deputy Michael Smith, and doing it knowingly and unlawfully. That's what he is charged with. He is labeled as a contact man for the street distributor. That's what the evidence shows.

MR. McCULLOUGH: Objection, your Honor.

THE COURT: Overruled.

MR. MOEHRING: The evidence in this case shows that Deputy Michael Smith, working in his undercover capacity, had contact from an informant; that informant had contact with Melvin Holland; and that narcotics informant didn't know where Marilyn lived, but he knew where. He knew where. He is the contact man, and the contact man is an important man in the rank and file of heroin distribution, because, ladies and gentlemen, without a contact man there can be no street distributor, without a street distributor—

MR. McCULLOUGH: Objection.

MR. MOEHRING: —there can be no wholesale—

THE COURT: Overruled.

MR. MOEHRING: Without a street distributor there can be no wholesale distribution; without wholesale distribution there can be no international transportation. That's why it is important, ladies and gentlemen, that we presented the evidence to you against Melvin Holland. When one link in the whole chain fails, then it all falls. Thank you."

It is well established that arguments and statements based on proof or legitimate inferences deductible therefrom do not transcend the bounds of legitimate argument and that it is entirely proper for the prosecutor to dwell upon the evils of crime and to urge the fearless administration of the law. *People v. Hairston* (1970), 46 Ill.2d 348, 375; *People v. Murdock* (1972), 3 Ill.App.3d 746, 752.

In *People v. Brady* (1973), 14 Ill.App.3d 830, a prosecution for sale of narcotics, references to the defendant as a "drug dealer" and as one

who "sold narcotics to children" were deemed improper but not so prejudicial as to have deprived the defendant of a fair trial. And in *People v. Galloway* (1973), 14 Ill.App.3d 863, *rev'd on other grounds*, 59 Ill.2d 158, a prosecution for unlawful sale of narcotics, reference to the defendant as a dope pusher was held not prejudicial enough to justify reversal. (See also *People v. Wilson* (1970), 46 Ill.2d 376, where remarks that the defendant was an addict pusher and a link in the distribution of narcotics was held to have been properly based on the evidence.)

■■ In the present case there was sufficient evidence in the record to support the argument that the defendant was a "contact man," as well as sufficient evidence from which to conclude that there was some type of narcotics distribution going on at the apartment house where the purchase was made. This would justify the prosecutor's denunciation of the evil of narcotics distribution as well as his insistence on the fact that when one link in the whole chain fails then it all falls. Urging fearless administration of the law in this fashion cannot be held improper or prejudicial. However, even if the remarks were improper it could not be said that they constituted a material factor in the defendant's conviction nor could it be said that the verdict would have been different if such remarks had not been made. See *People v. Walker* (1974), 22 Ill. App.3d 711, 716; *People v. Terrell* (1974), 18 Ill.App.3d 911, 916; *People v. Mackins* (1974), 17 Ill.App.3d 24, 46-47.

For the reasons stated the judgment of the trial court is affirmed.

Affirmed.

GUILD and HALLETT, JJ., concur.