THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* BOBBIE ALLEN FLOYD, Defendant-Appellee.

Fourth District   No. 13242

Opinion filed May 13, 1976.

TRAPP, P. J., specially concurring.

Lawrence Eaton, State's Attorney, of Monticello (G. Michael Prall, of Illinois State's Attorneys Association, of counsel), for the People.

Summers, Watson & Kimpel, of Champaign, for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant was indicted on February 26, 1975, for two counts of unlawful possession and two counts of unlawful delivery of a controlled substance. The offenses allegedly occurred on May 20, 1974, and defendant was arrested on November 7, 1974. Defendant filed a motion alleging that the prearrest delay of approximately five months violated his constitutional right to due process of law. A hearing was held and the trial court dismissed the indictment. The State appeals.

The same issue was comprehensively discussed in our recent opinion in *People v. Lawson*, 38 Ill. App. 3d 239, 347 N.E.2d 430; reference is therefor made to that opinion.

At the hearing defendant testified that he had no memory of the date in question. Steven Marada and Louise Banks, Illinois Bureau of Investigation agents testified briefly about the ongoing undercover investigation the I.B.I. was conducting in central Illinois. The trial court found that an ongoing undercover investigation did not constitute a reasonable excuse for failure to immediately indict the defendant. The defendant testified that he could not recall the time in question. This was insufficient to establish actual, substantial prejudice. *People v. Lawson*, 38 Ill. App. 3d 239, 347 N.E.2d 430.

■■■ As we have stated in *Lawson*, an arrest or indictment may be delayed for a reasonable time. It is also apparent from the trial judge's remarks that he was of the opinion that the reasons for the delay were not relevant to a determination as to whether or not the delay amounted to a denial of due process.

For the foregoing reason the judgment is reversed and the cause remanded for further proceedings.

Reversed and remanded.

CRAVEN, J., concurs.

248

Mr. PRESIDING JUSTICE TRAPP, specially concurring:

I concur in the reversal and remandment of the cause, but adhere to the views expressed in dissent in *People v. Lawson*, 38 Ill. App. 3d 239, 245-246, 347 N.E.2d 430, upon the nature of the further proceedings.