THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* PAUL W. DUNN, Defendant-Appellee.

Fourth District    No. 13265

Opinion filed May 13, 1976.—Rehearing denied June 10, 1976.

TRAPP, P. J., specially concurring.

Basil G. Greanias, State's Attorney, of Decatur (Jerry Finney, Assistant State's Attorney, of counsel), for the People.

Marshall A. Susler, of Owen, Roberts, Susler & Taylor, of Decatur, for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant was indicted on November 6, 1974, for unlawful delivery and unlawful possession of a controlled substance. The offenses were allegedly committed on February 7, 1974. Defendant moved to dismiss the indictment on the ground that he was denied due process as a result of the 9-month delay between the time of the offense and the return of the indictment. A hearing was held and the trial court dismissed the indictment. The people appeal.

The issues raised here are the same raised in *People v. Lawson*, 38 Ill. App. 3d 239, 347 N.E.2d 430, which is dispositive. Because the issues are comprehensively discussed in that opinion, they will be treated briefly here. Reference should be made to the *Lawson* opinion for full discussion of the issues.

■■ The first issue is whether the trial court has the power to dismiss an indictment for reasons not listed in section 114—1 of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, §114—1). As we have stated in *Lawson*, the court does have such authority.

The second issue is whether the trial court properly dismissed this indictment on the ground that defendant was denied due process because of the preindictment delay.

Although this indictment arose from the same I.B.I. investigation as resulted in the indictment of *Lawson*, the procedures followed in the case at bar require that this cause be reversed for further proceedings in accordance with the guidelines expressed in the *Lawson* opinion.

■■ Defendant, in the case at bar, attempted to sustain his burden of proving actual prejudice through the mechanism of an affidavit which

basically stated that defendant had no independent recollection of the events of the day in question. The affidavit provides no showing that defendant has made diligent efforts to refresh his recollection. The defendant did not testify at the hearing on the motion. Even had the affidavit contained recitals of diligent effort, the trial court would, in our opinion, have been justified in attaching much less weight to that evidence than he would to oral testimony by the defendant which exposes itself to the traditional tests of credibility and weight by cross-examination and impeachment. Such evidence, absent these tests, is, as a practical matter, almost impossible of refutation by the State. It is also clear from the record that the trial court found that the 9-month delay was prejudicial per se. This is not the standard to be applied. Defendant must allege and prove actual prejudice. The statute of limitations determines when a delay amounts to prejudice per se.

Accordingly, the judgment is reversed and the cause remanded for further proceedings.

Reversed and remanded.

GREEN, J. concurs.

Mr. PRESIDING JUSTICE TRAPP, specially concurring:

I concur in the reversal and remandment, but adhere to the views expressed in *People v. Lawson*, 38 Ill. App. 3d 239, 347 N.E.2d 430, filed contemporaneously herewith.