THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* LARRY DEAN PARSONS, Defendant-Appellee.

Second District   No. 76-170

Opinion filed May 11, 1977.

William Sisler, State's Attorney, of Freeport (Phyllis J. Perko and Stephen Dietsch, both of Illinois State's Attorneys Association, of counsel), for the People.

Ralph Ruebner and Joshua Sachs, both of State Appellate Defender's Office, of Elgin, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

An indictment charging defendant with forgery (Ill. Rev. Stat. 1973, ch. 38, par. 17—3(a)(1), (2)) was dismissed upon his motion on the basis that he had not been tried within 120 days from the date he was taken into custody. (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(a), (d).) The State appeals contending this case is neither within the terms nor the spirit of the statute since defendant failed to prove that he was in custody in connection with the charges in this case prior to the indictment.

On November 7, 1974, a complaint (74 CF 547) was filed in Stephenson County charging defendant with the forgery of a check numbered 324 payable to the Associated Trade Press in the amount of $160 and delivered to the Eagle Food store in the Crestwood Shopping Mall in Freeport. The defendant was incarcerated in Stateville penitentiary pursuant to an unrelated Lee County conviction from December 1974 to October 14, 1975. In January of 1975 Stephenson County officials placed a detainer warrant against defendant at Stateville based on the complaint in 74 CF 547. Upon defendant's release from Stateville on October 14, 1975, defendant was taken into custody by Stephenson County officials on that complaint.

On October 24, 1975, an information (75 CF 191) was filed against defendant charging him with the forgery of a check numbered 323, also payable to Associated Trade Press in the amount of $160 and delivered to the Eagle Food store on the same date as the check described in the earlier complaint but at a different store location. The earlier complaint was nolle prossed on the basis of the 120-day rule. On November 3, 1975, an indictment was obtained based upon the second check.

Defendant's motion to dismiss was filed on January 30, 1976. It alleged

in substance that in January 1975 he was incarcerated in an Illinois State Prison; that either in January or early February 1975, a warrant was issued for his arrest and a detainer served on him regarding a case No. 74 CF 547 by Stephenson County; that after his release from prison he was arrested and brought to Stephenson County to stand charges in 74 CF 547; that more than 120 days had elapsed and the State's Attorney therefore dismissed the charges; that prior to the dismissal, additional charges were brought against him; but that the State knew of all charges at the time he was incarcerated. Defendant further alleged that the delay was a subterfuge on the part of the law enforcement officers in Stephenson County, and that he should have been tried on all charges within 120 days from his receipt of the detainer warrant in the original case.

The court dismissed the indictment for violation of the 120-day rule, with a memorandum opinion. The trial court observed that case No. 74 CF 547 had to do with a different check than that described in No. 75 CF 191, but agreed with defendant's argument that the facts bearing on all charges brought against the defendant under both 74 CF 547 and 75 CF 191 were available to the police on or about December 18, 1974, or at the latest January 10, 1975. The court therefore concluded that the charge in 75 CF 191 was not brought within the time or within the spirit of the speedy trial statute. The court found in its memorandum, however, that there was no indication that either the Freeport police department or the State's Attorney's office had in any way attempted to use this procedure as a delaying tactic.

The State contends that the defendant failed to testify or introduce any evidence as to what charge or charges were included in the Stephenson County warrant allegedly served on him in January of 1975, and thus failed to establish that the detainer warrant he claims to have received was in connection with the charges in this case.

The statute in question provides as pertinent:

> "Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody * * *" Ill. Rev. Stat. 1975, ch. 38, par. 103—5(a), (d).

■■ The statutory period fixed for the discharge of a prisoner who has not been tried is "in harmony" with the constitutional provision for a speedy trial and means the right to have "speedily heard the charge upon which the accused is detained * * *." (*People v. Kidd*, 357 Ill. 133, 136 (1934).) It is essential to the starting of the statutory period that a criminal charge be pending against the defendant, although the period may begin to run at the time of an arrest and before the defendant has been formally charged with the crime. (*People v. Nettles*, 107 Ill. App. 2d 143, 148

(1969).) The fact that a defendant is imprisoned elsewhere in the State does not prevent the running of the period if the authorities know or are charged with knowledge of defendant's whereabouts. *People v. Powell*, 43 Ill. App. 3d 934, 935 (1976).

The 120-day rule concerning discharge for want of prosecution is to be liberally construed so that its salutary purpose will not be avoided by technical evasions. (*People v. Fosdick*, 36 Ill. 2d 524, 528 (1967); *People v. Vaughn*, 4 Ill. App. 3d 51, 53 (1972); *People v. Gray*, 83 Ill. App. 2d 262, 267 (1967).) In *Fosdick*, the dismissal of a charge, the voluntary relinquishment of the prisoner to another county, with the same charge later being refiled was held to be a technical evasion of the right guaranteed by the statute which would not be condoned. The date of the original service of the warrant was therefore held to be controlling. In *Gray*, a detainer warrant was equated to an arrest warrant that was not served promptly. The defendant was thus held to be "in custody" when the detainer was lodged. (83 Ill. App. 2d 262, 266-67.) Similarly in *Vaughn*, the 120-day term was held to begin when officials at a penal farm were served with a detainer against the accused. 4 Ill. App. 3d 51, 51, 53.

The defendant, however, must be shown to be in custody in connection with the subsequently prosecuted charges to come within the statute. See *People v. Behning*, 130 Ill. App. 2d 536, 538 (1970).

The State contends that defendant failed to introduce any evidence as to what charge or charges the Stephenson County detainer warrant served in January of 1975 related[1] and failed to establish that the copy of the warrant was in connection with the charges in this case. The State distinguishes *Gray, Vaughn* and *Fosdick* on this ground. It notes that unlike the situation in *Fosdick* the People did not attempt to evade the 120-day rule by nolle prossing pending charges and then refiling new but identical charges. It argues that the charge for which defendant was ultimately prosecuted in this case was not brought until after defendant was released from imprisonment for the unrelated offense; and further argues that although defense counsel suggested that the People delayed the charges as a subterfuge the trial court specifically found that there was no evidence of ulterior motive.

■■ The defendant argues that, although he may not technically have been in custody for the forgery for which he was later charged, the affirmative step taken by the Stephenson County authorities of lodging a detainer warrant with knowledge of the multiple forgeries which occurred on the same date was the equivalent of placing defendant in custody on all charges. We do not agree. The right to a speedy trial arises

[1] The warrant issued November 7, 1974, merely charges "Forgery" in violation of section 17—3(a)(2) of the Criminal Code of 1961.

when there has been some charge or arrest even though prosecuting authorities had knowledge of the offense before this. See *United States v. Marion*, 404 U.S. 307, 30 L. Ed. 2d 468, 92 S. Ct. 455, 462-63 (1971).

There is nothing in the record to show that the State took any affirmative action by the detainer to insure the custody of defendant on the charge for which he was later indicted. The trial judge found that the State was not engaging in a subterfuge when it filed a new charge of an entirely separate offense after defendant was released from custody in Lee County. Therefore, we conclude that the defendant was not entitled to be discharged under either the literal terms or the spirit and purpose of the 120-day rule.

Defendant further argues that he was deprived of his sixth amendment right under the United States Constitution to a speedy trial or deprived of due process under the fifth amendment because of the delay between the offense and the indictment. He concedes that this issue was not raised specifically in the trial court but suggests that the constitutional issue is implicit in the 120-day statutory provision assuring a speedy trial. We agree with the position of the State that the constitutional argument which was not raised in the trial court nor ruled upon there has been waived. Moreover, we also find the argument unpersuasive under the circumstances. The sixth amendment is only activated when a criminal prosecution has begun. (*United States v. Marion*, 404 U.S. 307, 30 L. Ed. 2d 468, 92 S. Ct. 455, 459 (1971).) To establish a violation of due process rights, actual prejudice to the defendant and any improper intentional delay in bringing the indictment against defendant are the factors which dictate the result. (See *United States v. Marion*, 404 U.S. 307, 30 L. Ed. 2d 468, 92 S. Ct. 455, 466 (1971); *People v. Lawson*, 38 Ill. App. 3d 239, 241 (1976).) Neither has been shown. *Cf. United States v. Mays*, 549 F.2d 670, 675-78 (9th Cir. 1977).

We therefore reverse the judgment discharging defendant and remand the case for further proceedings.

Reversed and remanded.

GUILD and WOODWARD, JJ., concur.